# CASES AT LAW

DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY.

MARCH TERM, 1908.

---

THE STATE, DEFENDANT IN ERROR, v. WILBUR J. FLYNN,
PLAINTIFF IN ERROR.

Submitted March 23, 1908—Decided March 1, 1909.

1. Section 65 of the Crimes act (*Pamph. L.* 1898, *p.* 812) makes it a misdemeanor to aid, abet or assist in the keeping of a place to which persons may resort for gambling in any form.
2. The word *abet* is not synonymous with *aid* and *assist;* it may import presence, with instigation or encouragement towards the commission of the criminal offence, but without aid or assistance therein.
3. The furnishing by the defendant of a machine that happens afterwards, without his privity, to be used for gambling, does not constitute either an aiding, abetting or assisting in the keeping of a gambling resort.
4. Where a statute makes punishable various acts, and mentions them disjunctively, an indictment charging the commission of two or more of such acts in one count must charge them conjunctively, unless the words of the statute when so employed are repugnant or synonymous.
5. Allegations which, although unnecessary, are descriptive of the identity of that which is legally essential to the charge, cannot be rejected as surplusage.

473

On error to the Supreme Court.

For the plaintiff in error, *Charles T. Cowenhoven.*

For the defendant in error, *George Berdine,* prosecutor of the pleas.

The opinion of the court was delivered by

PITNEY, CHANCELLOR. This writ of error brings under review a judgment of the Supreme Court, affirming a conviction in the Middlesex Quarter Sessions for a violation of section 65 of the Crimes act. *Pamph. L.* 1898, *p.* 812.

The indictment charges that Flynn "did aid, abet or assist one C. W. in keeping, at his hotel on Ferry street, in the borough of South River, in the township of East Brunswick, in the county of Middlesex, a place to which persons might resort for gambling in a certain form, namely, upon a slot machine, in this, that the said Wilbur J. Flynn did furnish, lease or loan to the said C. W. the said slot machine so used or to be used for gambling by persons upon said premises as aforesaid, against the form of the statute," &c.

The section referred to provides that "Any person or corporation that shall habitually or otherwise buy or sell what is commonly known as a pool, or any interest or share in any such pool, or shall make or take what is commonly known as a book, upon the running, pacing or trotting, either within or without this state, of any horse, mare or gelding, or shall conduct the practices commonly known as bookmaking and pool selling, or either of them, or shall keep a place to which persons may resort for engaging in such practices, or either of them, or for betting upon the event of any horse race, or other race or contest, either within or without this state, or for gambling in any form, or aiding, abetting or assisting therein, shall be guilty of a misdemeanor, and punished," &c.

Two matters only require mention.

Counsel for plaintiff in error, conceding that this statute makes it a misdemeanor to keep a place to which persons may resort for gambling in any form, insists that the section

does not make it a misdemeanor to aid, abet or assist in the keeping of such a place. It is argued that by the literal reading of the section the words "aiding, abetting or assisting" are conjoined to the phrase "gambling in any form," so that the thing which is made a misdemeanor is the keeping a place to which persons may resort for bookmaking or pool selling, or for betting upon races, or for gambling in any form, or for aiding, abetting or assisting in such gambling. We deem it clear, however, that the words "or aiding, abetting or assisting" are intended to be conjoined to the words "any person or corporation" at the beginning of the section; and that, although the language lacks something of grammatical nicety, it sufficiently expresses the legislative purpose to render any person or corporation that may aid, abet or assist in doing any of the things that are by the section prohibited, guilty of a misdemeanor; in fact, to make the aider and abettor a principal offender.

The objection that the indictment is fatally defective because the offence is charged in the alternative, and not in the conjunctive, is more serious.

The indictment contains a general averment and a limitation of this by a specific averment. Both averments are in the disjunctive.

It is charged, generally, that the defendant "did aid, abet or assist," &c. The words "aid" and "assist" may be treated as synonymous; they both import a contribution of effort. But "abet" has a somewhat different meaning, and may import presence with instigation or encouragement towards the commission of the offence, but without aid or assistance therein. Therefore, if we could reject the specific averment as surplusage, the general averment is bad because it does not charge that the defendant both aided and abetted, nor that he aided, nor that he abetted.

But the frame of the indictment is such that in our opinion we may not properly reject the specific averment that follows; it being manifest, as we think, that the grand jury did not intend to charge any other form of aiding, abetting or assisting than that which is thus specified, viz., that the de-

fendant "did furnish, lease *or* loan to the said C. W. the said slot machine so used *or* to be used for gambling." If we could treat the first of these latter disjunctives as insignificant, the second is not so easily disposed of. Not only does the indictment fail to specify whether the slot machine furnished by the defendant was merely used for gambling, or whether it was furnished by him in order that it should be used in gambling; but it is manifest that in the former case, viz., if he merely furnished a slot machine that happened afterwards, without his privity, to be used for gambling, the defendant did not either aid, or abet, or assist in the keeping of a gambling resort. In short, construing the alternative averment in the specific charge most favorably to the defendant, it accuses him of that which in and of itself is no offence under the statute.

The true rule respecting alternative averments in such a case is, we think, laid down in 22 *Cyc.* 338. "Where a statute makes punishable various acts and mentions them disjunctively, an indictment charging the commission of two or more of such acts in one count must charge them conjunctively, unless the words of the statute when so employed are repugnant or synonymous."

With respect to the rejection of surplusage, the same author says (correctly, as we think) : "Allegations which, although unnecessary, are descriptive of the identity of that which is legally essential to the charge, cannot be rejected as surplusage." 22 *Cyc.* 370.

In *State* v. *Drake*, 1 *Vroom* 422, 427, the indictment charged in substance that the defendant did administer to a certain female "a certain poison, or drug, or medicine, or noxious thing to the jurors unknown." This was held bad, the Supreme Court saying: "It does not charge that he administered the whole of the prohibited things, nor any one of them, but charges that he did one thing, or another, or another, which can mean nothing; secondly, it does not apprise the defendant against what he is to defend himself."

In behalf of the state it is argued, however, that after verdict and judgment there should be no reversal for the de-

fects in the indictment, because of the provisions of sections 44 and 136 of our Criminal Procedure act. *Pamph. L.* 1898, *pp.* 881, 915. Section 44 declares that every objection to an indictment for a defect of form or substance apparent on its face shall be taken by demurrer or motion to quash before the jury is sworn, and not afterwards, and that the court before which the objection is taken or before which the trial is had may, if it be thought necessary, cause the indictment to be forthwith amended and the trial to proceed as if no such defect had appeared. Section 136 contains a proviso that no judgment given upon any indictment shall be reversed for any imperfection, omission, defect in or lack of form, or for any error except such as shall or may have prejudiced the defendant in maintaining his defence upon the merits.

The question of amending indictments was under consideration by the Supreme Court in *State* v. *Startup,* 10 *Vroom* 423, 431; *State* v. *Kern,* 22 *Id.* 259, 264; *State* v. *Twining,* 42 *Id.* 388.

It is manifest that the scope of a statute that authorizes amendments of indictments in matters of substance must be confined to some extent in subordination to paragraphs 8, 9 and 10 of article 1 of the constitution of this state, which declare that in all criminal prosecutions the accused shall have the right to be informed of the nature and cause of the accusation; that no person shall be held to answer for a criminal offence unless on the presentment or indictment of a grand jury (with exceptions immaterial for the present purpose), and that no person shall, after acquittal, be tried for the same offence.

The difficulty with the indictment in the present case is of such a character that we think it is not cured by verdict and judgment, for the judgment finds the defendant guilty only of that with which he is charged in the indictment; and that does no more than to accuse him of one or the other of several matters, one of which is no offence against the law.

The case is quite different from *Larison* v. *State,* 20 *Vroom* 256. There the statute made it punishable to willfully and wantonly send or convey to any female against her will any

indecent letter or communication. The indictment charged that the defendant "did send and convey." The Supreme Court held that this was technically defective because the words "send" and "convey" import a different mode of transmission; but that this might have been cured by an amendment, and could not be taken advantage of after verdict and judgment as ground for reversal. This, of course, was because the defect was the charging of two distinct and incongruous offences in one and the same count; a duplicity in pleading. It was clear upon the face of the indictment that the grand jury had specifically accused the defendant of both offences. Upon timely objection one or the other might have been struck out, and the indictment would still have contained an accusation made by the grand jury. In *State* v. *Farnum,* 37 *Id.* 397, the Supreme Court held that the fault of duplicity was cured by a plea of guilty.

The judgment under review should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J. 13.

---

THE STATE, DEFENDANT IN ERROR, v. WILBUR J. FLYNN, PLAINTIFF IN ERROR.

Submitted March 23, 1908—Decided March 1, 1909.

On error to the Supreme Court.

For the plaintiff in error, *Charles T. Cowenhoven.*

For the defendant in error, *George Berdine,* prosecutor of the pleas.