**Richmond**

HAROLD EUGENE HAWKS

V.

COMMONWEALTH OF VIRGINIA

Record No. 831186.

October 12, 1984.

Present: All the Justices.

*Graham M. Parks*, for appellant.
*Jerry P. Slonaker, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

The principal question raised by the assignments of error is whether the trial court erred in admitting evidence that the defendant raped the woman he abducted when the indictment failed to allege intent to defile. The sufficiency of the evidence of abduction is not in issue on appeal.

Searching for a circus located somewhere in the area, Linda Thompson, 21 years of age and mentally retarded as a result of brain damage suffered at birth, was walking along a street in Galax a short distance ahead of her mother, Mrs. Shirley Thompson. Defendant Harold Eugene Hawks stopped his pickup truck beside Mrs. Thompson and offered her a ride. She recognized the defendant as the man who had done this several times before, and she refused. Hawks drove ahead and stopped beside Linda. Linda testified that she got into the truck because Hawks "told me to open the door and get in there." Over the defendant's objection, she was permitted to testify further that he told her that he would take her to the circus but, instead, that he "took me way out in the field and pulled down my clothes," "laid me down," "got on top of me," and "stuck his [penis] in me." "I told him I didn't want to do it," she said, and "I told him it hurt."

Hawks was tried, convicted, and sentenced to four years in the penitentiary under an indictment which charged that he "did feloniously abduct one Linda Thompson with the intent to deprive her of her personal liberty" in violation of Code § 18.2-47, a Class 5 felony. Under Code § 18.2-48, "abduction of any person with intent to defile such person" is a Class 2 felony. The penalty for conviction of a Class 5 felony is "a term of imprisonment of not less than one year nor more than ten years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than twelve months and a fine of not more than $1,000, either or both." Code § 18.2-10(e). For conviction of a Class 2 felony, the penalty is "imprisonment for life or for any term not less than twenty years." Code § 18.2-10(b).

· On appeal, Hawks argues that Linda's testimony "was at variance with the charge of abduction for which he was indicted" and that "in essence, he was tried for abduction with the intent to defile". The prejudicial effect of the variance was compounded, the defendant says, when the Commonwealth's Attorney characterized Linda's testimony as proof of rape.

■ Defendant's variance complaint is a non-issue. It is true that a variance between the allegations of an indictment and proof of the crime may be "fatal", *Etheridge* v. *Commonwealth,* 210 Va. 328, 171 S.E.2d 190 (1969), and "[t]he offense as charged must be proved." *Mitchell* v. *Commonwealth,* 141 Va. 541, 560, 127 S.E. 368, 374 (1925). A variance is fatal, however, only when the proof is different from and irrelevant to the crime defined in the indictment and is, therefore, insufficient to prove the commission of the crime charged.

■ Here, intent to defile was not charged, but the evidence of rape was not irrelevant to the charge that the defendant intended to deprive his victim of personal liberty. It can hardly be gainsaid that restraint imposed upon a rape victim is a deprivation of personal liberty. Clearly, the offense defined in Code § 18.2-47 is an offense lesser-included in the offense defined in § 18.2-48.

■ Evidence of offenses other than that charged in the indictment, whether prior or subsequent thereto, is admissible as an exception to the general exclusionary rule when such evidence is relevant to show "motive, intent, or knowledge of the accused . . . the conduct or attitude of the accused toward his victim . . . [or] the relationship between the parties". *Moore* v. *Commonwealth,* 222 Va. 72, 76, 278 S.E.2d 822, 824 (1981). Such evidence may also be competent "where the other crimes constitute a part of the general scheme of which the crime charged is a part." *Kirkpatrick* v. *Commonwealth,* 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970); *accord Dorantes* v. *Commonwealth,* 222 Va. 383, 385, 281 S.E.2d 823, 824 (1981). With respect to such exceptions, the test is whether "the legitimate probative value outweighs the incidental prejudice to the accused". *Lewis* v. *Commonwealth,* 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983).

■ We hold that the evidence challenged by the defendant was relevant to show that the abduction was committed with intent to deprive his victim of personal liberty and that the probative value

of that evidence outweighed whatever prejudice it may have caused.*

The defendant also complains that the trial court erred in admitting testimony of two witnesses which he characterizes as tending to show "that defendant commonly attempted to lure women into his pickup in order to abduct and rape them." Invoking by analogy the general rule excluding evidence of "other crimes", he argues that this testimony was inadmissible and prejudicial.

The analogy he draws is inapt. The conduct described by these witnesses was not criminal and, hence, for purposes of the balancing test defined in *Lewis,* carries less prejudicial weight. Moreover, proof of such conduct was clearly relevant to corroborate the testimony of the victim and her mother and to contradict the defendant's claim that Linda had "flagged him" and "jumped in his pickup". Applying the *Lewis* test, we uphold the trial court's ruling.

Finding no error below, we will affirm the judgment.

*Affirmed.*

---

*The defendant has shown no prejudice. The jury was properly instructed in the definition of the offense charged, the defendant was convicted of the offense as charged, and the penalty imposed was less than the permissible maximum for that offense and substantially less than the minimum-mandatory penalty prescribed for the offense of abduction with intent to defile.