**Richmond**

JESSIE MCDONALD HAIRSTON

v.

COMMONWEALTH OF VIRGINIA

No. 0334-85

Decided May 6, 1986

212

Counsel

Steven D. Benjamin (Cabell, Paris, Lowenstein & Bareford, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

Opinion

**KOONTZ, C.J.**—Jessie McDonald Hairston, appellant, was convicted by a jury on November 1, 1984, on a charge of robbery and use of a firearm in the commission of that robbery. He was sentenced to a term of twenty-four years in the penitentiary. In this appeal appellant contends that there was a fatal variance between the allegations of the indictments and the offenses proved at trial. We hold that variance was not fatal and affirm the convictions.

The facts are not in dispute. On July 9, 1984, Hairston and another armed man entered the insurance agency belonging to John G. Blankenship located in the City of Richmond. At that

time, Robin Dyson and Helen Roach, two employees of the insurance agency, and Blankenship were present. During the course of the robbery, for which other charges were placed and are not the subject of this appeal, Hairston held a gun on Robin Dyson and took her purse containing personal belongings, a wallet and one hundred and seventy dollars ($170) in United States currency. This property belonged solely to Robin Dyson.

■ The robbery indictment stated: "On or about July 9, 1984, in the City of Richmond, Jessie McDonald Hairston did feloniously and unlawfully rob one Robin Dyson of United States currency *being the property of Blankenship Insurance Agency*, and in the care and custody of the said Robin Dyson. Virginia Code § 18.2-58." (emphasis added). Specifically, Hairston contends that phrase in the indictment referring to the Blankenship Insurance Agency as the owner of the stolen currency constituted an allegation of a different crime from the crime proved at trial since at trial the evidence showed that the currency belonged solely to Robin Dyson.

> It is true that a variance between the allegations of an indictment and proof of the crime may be "fatal," and the offense as charged must be proved. A variance is fatal, however, only when the proof is different from and irrelevant to the crime defined in the indictment and is, therefore, insufficient to prove the commission of the crime charged.

*Hawks* v. *Commonwealth*, 228 Va. 244, 247, 321 S.E.2d 650, 651-52 (1984) (citations omitted). An indictment is a written accusation of a crime and is intended to inform the accused of the nature and cause of the accusation against him. *See Henson* v. *Commonwealth*, 208 Va. 120, 125, 155 S.E.2d 346, 349 (1967). Article I, Section 8 of the Constitution of Virginia guarantees that an accused be informed of the cause and nature of the accusation against him.

■ By statute, an indictment may use the name given to the offense by the common law or may state as much of the common law definition of the offense as is sufficient to advise what offense

is charged. Code § 19.2-220.[1] No indictment will be deemed invalid for the insertion of any other words or surplusage. Code § 19.2-226(9). Notice to the accused of the offense charged against him is the rockbed requirement which insures the accused a fair and impartial trial on the merits and forms the key to the fatal variance rule. We review this case in that light.

■ It is well settled in this state that robbery is a common law crime against the person, for which a statutorily prescribed punishment is fixed by Code § 18.2-58.

> Robbery at common law is defined as the taking, with the intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation. The phrase '. . . of the personal property of another, from his person or in his presence . . .' has been broadly construed to include the taking of property from the custody of, or in the actual or constructive possession of, another.
>
> In the commission of robbery the property must be taken by force and violence, not necessarily from the owner, but from any person in possession thereof whose right of possession is superior to that of the robber.

*Crawford* v. *Commonwealth*, 217 Va. 595, 597, 231 S.E.2d 309, 310 (1977) (quoting *Johnson* v. *Commonwealth*, 215 Va. 495, 496, 211 S.E.2d 71, 72 (1975)) (citations omitted). In the present case the indictment clearly charged Hairston with robbery of Robin Dyson.

Consistent with the guideline that the accused must be insured a fair and impartial trial on the merits, the Supreme Court of Virginia in considering variance claims has recognized that most of these cases rest on their peculiar facts and circumstances and that there is a tendency to reject mere matters of form where no injury could have resulted therefrom to the accused. The rule has been stated: "If the unnecessary word or words inserted in the indictment describe, limit or qualify the words which it was neces-

---

[1] Code § 19.2-220 specifically sets out the contents of the indictment as a plain, concise and definite written statement that: (1) names the accused, (2) describes the offense charged, (3) identifies the county, city or town in which the accused committed the offense, and (4) recites that the accused committed the offense on or about a certain date.

sary to insert therein, then they are descriptive of the offense charged in the indictment and cannot be rejected as surplusage. The offense as charged must be proved." *Mitchell* v. *Commonwealth*, 141 Va. 541, 560, 127 S.E. 368, 374 (1925).

In *Mitchell*, the defendant was convicted of making entries on bank books in violation of then existing Code § 4457. The indictment unnecessarily charged that Mitchell had made a "false and fraudulent" entry. The Supreme Court held that "[i]n the instant case the Commonwealth elected to restrict the prosecution to a 'false and fraudulent' entry, and was bound to sustain the allegation by proof." *Id.* at 560, 127 S.E. at 374. The conviction was reversed. The *Mitchell* rule was again recognized in *Etheridge* v. *Commonwealth*, 210 Va. 328, 330, 171 S.E.2d 190, 192 (1969), and Hairston primarily relies on this case for his position in this appeal.

In *Etheridge*, the accused was tried on an indictment which alleged that he "did unlawfully, feloniously and maliciously shoot at or into a dwelling house, to-wit: the residence of Edna Harper located at Route 2, Box 224, Galbush Road, Chesapeake, Virginia." The proof at trial established that the dwelling involved was the residence of Alberta Riddick. Edna Harper was present, however, and her residence was nearby. The Court found that there was a fatal variance and "when the Commonwealth chose to specify the residence involved as that of Edna Harper, it had the burden of establishing that fact. And when the Commonwealth showed that it was the residence of Alberta Riddick where the shooting occurred, it proved a different offense." *Id.* at 330, 171 S.E.2d at 191-92. The Court pointed out that it was necessary under the statute for the Commonwealth to allege in the indictment that the defendant shot into a dwelling house when it was occupied. The additional allegation that the dwelling house was the residence of Edna Harper described, limited and qualified that which was necessary to be alleged. Consequently, the additional language was not surplusage. This result was entirely consistent with the language of the rule set forth in *Mitchell*. It is also consistent with the broad principle that an accused must be given notice of the offense charged against him to insure to him a fair and impartial trial on the merits. There were two residences in *Etheridge*. One was specified in the indictment as belonging to Edna Harper. The other, into which the accused shot, belonged to Alberta Riddick.

Etheridge simply was not accused in the indictment of shooting into the residence of Alberta Riddick and there was no notice of the real charge against him. The proof that Etheridge shot into the residence of Alberta Riddick is different from and irrelevant to the crime of shooting into the residence of Edna Harper, and therefore was insufficient to prove the commission of the crime charged. This finding is consistent with the rule later stated by the court in *Hawks* v. *Commonwealth.*

These cases, however, are distinguishable on the facts presented in this record. Robbery is a crime against the person and the indictment charged and the proof established that Hairston robbed Robin Dyson. The indictment charged and the proof established that United States currency in the care and custody of Robin Dyson was taken by Hairston. It was unnecessary to allege in the indictment the ownership of the United States currency, but having erroneously done so did not alter the allegation that it was the same currency in the possession of Robin Dyson which was taken and which was established by the proof at trial. Hairston was on notice of the charge against him and the variance as to ownership of the currency could not have caused him harm in terms of a fair and impartial trial on the merits. Under the *Hawks* statement of the rule, proof that the currency belonged to Robin Dyson rather than to the Blankenship Insurance Agency was relevant to the crime of robbery of Robin Dyson as charged in the indictment and was sufficient to prove the crime charged in the indictment because the currency taken was "in her care and custody" and was owned by her as well.

In addition, the language of *Mitchell,* taken as a whole, supports the Commonwealth's position. It is true that *Mitchell* sets out the rule that unnecessary words in the indictment that describe, limit or qualify necessary words must be proven as charged. *Mitchell,* 141 Va. at 560, 127 S.E. at 374. In arriving at this rule, however, the *Mitchell* court reviewed a number of treatises and cases in attempting to formulate an accurate definition of the term "surplusage." *See id.* at 553-60, 127 S.E. at 372-74. In so doing, the court quoted with approval language in the New Jersey case of *State* v. *Flynn,* 76 N.J.L. 473, 72 A. 296 (1909), wherein the court stated that " 'allegations which, though unnecessary, are descriptive of the identity of that *which it is legally essential to charge* cannot be rejected as surplusage.' " *Mitchell,*

141 Va. at 559, 127 S.E. at 374. (emphasis added).

Because robbery is a crime against the person, the prosecution need not prove the ultimate ownership of the property taken but need only prove that the possessory rights of the victim were superior to those of the thief. As such, it is not "legally essential" to allege or identify the ultimate owner of the property taken. In this light, since "being the property of Blankenship Insurance Agency" was not descriptive of the identity of that which was "legally essential," the unnecessary allegation of ownership can be rejected as surplusage.

We conclude that the rule in *Mitchell*, viewed in its proper context in relationship to the whole of that opinion, requires that when an allegation of variance is based on unnecessary words in an indictment, the unnecessary word or words in the indictment must be descriptive of that which is "legally essential" to the charge. Stated another way, the unnecessary language must have a material effect on the offense charged and on the proof required to convict under that charge. This conclusion is in accord with the holdings in *Mitchell* and *Etheridge*. In *Mitchell*, the Commonwealth unnecessarily alleged a "false and fraudulent" entry, as opposed to a mere entry. As such, the unnecessary allegation had a material effect on the proof required to convict. Likewise, the mix-up in *Etheridge* between Edna Harper's residence and Alberta Riddick's residence had a material effect on the proof required for conviction. Indeed, the *Etheridge* court stated that "when the Commonwealth showed that it was the residence of Alberta Riddick where the shooting occurred, it proved a different offense." *Etheridge*, 210 Va. at 330, 171 S.E.2d at 191-92.

In the instant case, however, proof of the robbery was complete when the Commonwealth proved the taking, the intent to steal, the presence of the victim, the intimidation overcoming the victim's will, and the fact that the victim's possessory rights in the property were superior to those of the thief. The ultimate ownership of the property had no material effect on the proof required to convict under the offense charged, nor was it descriptive of the identity of that which was "legally essential to charge." For these reasons the variance was not fatal and the judgment of conviction is affirmed.

Having found no fatal variance concerning the robbery charge, the appellant's claim concerning the use of a firearm in the commission of that robbery is necessarily without merit. Accordingly, the judgment of conviction on that charge is affirmed.

*Affirmed.*

Benton, J., and Moon, J., concurred.