## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

    v.

Cecil McDonald Davis

December 11, 1987

Case No. (Criminal) 5577

By JUDGE JAMES H. CHAMBLIN

    The defendant, Cecil McDonald Davis, was indicted by the grand jury of the Circuit Court for Loudoun County on charges of attempted malicious wounding and the use of a firearm in the commission of the aforesaid offense. The first count of the indictment reads as follows:

> The grand jury charges that on or about the 10th day of June, 1987, in the County of Loudoun, Cecil McDonald Davis (DOB 2/16/62) did feloniously, unlawfully and maliciously attempt to shoot or wound a person, to wit: Mark Davis, with the intent to maim, disfigure, disable, or kill, in violation of Sections 18.2-51 and 18.2-26 of the Code of Virginia.

The second count of the indictment reads as follows:

> And for this also, at the above stated time and place, the said Cecil McDonald Davis did feloniously and unlawfully use or attempt to use a pistol or other firearm or display such weapon in a threatening manner while committing or attempting to commit malicious wounding in

violation of Section 18.2-53.1 of the Code of Virginia.

The defendant, at arraignment on December 7, 1987, entered a plea of not guilty to both charges and asked for a trial by jury. That day a jury was duly impanelled to hear the case.

The Commonwealth's evidence showed unequivocally that the victim of the attempted malicious wounding was a man named Mark Reed, not Mark Davis. There was no evidence presented of anyone named Mark Davis or that Mark Reed may have been known as Mark Davis.

When the Commonwealth rested, defense counsel moved to strike the evidence because of the variance between the name of the victim in the indictment and the Commonwealth's proof. He argued that the variance was fatal under *Etheridge v. Commonwealth*, 210 Va. 328 (1969), and *Evans v. Commonwealth*, 183 Va. 775 (1945). The Commonwealth argued that the name of the victim in the indictment was merely a typographical error and the court should allow it to amend the indictment to show the victim's name as Mark Reed under Virginia Code Sections 19.2-226 and 19.2-231, and *Bassett v. Commonwealth*, 222 Va. 844 (1981).

In the recent case of *Hairston v. Commonwealth*, 2 Va. App. 211 (1986), the Virginia Court of Appeals considered a defendant's contention that the variance of the proof from the indictment was fatal because in a robbery prosecution, the Commonwealth's proof showed that the ownership of the property taken in the robbery was different from the allegation in the indictment. The Court of Appeals rejected this argument stating that the proof of ownership had no material effect on the proof required to convict the defendant of robbery. The court discussed and distinguished *Etheridge* and an earlier case dealing with the same issue, *Mitchell v. Commonwealth*, 141 Va. 541 (1925).

When an allegation of variance is based on unnecessary words in an indictment, the unnecessary words must be "legally essential" to the charge. *Hairston*, 2 Va. App. at 217. Here there is no question that the name of the victim is legally essential to the charge. The defendant must be informed of the identity of the victim of the

alleged offense, and the Commonwealth chose to identify the victim by name in the indictment.

The Commonwealth's reliance on *Bassett* is not well-founded. In *Bassett*, the indictment described the victim as Albert Lee Burwell instead of Albert Lee Burwell, Jr. The Virginia Supreme Court held that "Jr." is not part of a person's name, but mere surplusage and that the identity of the victim was made clear at trial. It cited *Brown v. Commonwealth*, 138 Va. 807 (1924), which held there was no fatal variance between the indictment showing the victim to be Wesley Stith while the proof showed the victim to be Wester Stith. In both *Bassett* and *Brown*, the last name of the victim corresponded in the indictment and the proof. Here, one cannot plainly tell from examining the indictment that "Davis" was merely a typographical error. Further, the Bill of Particulars filed by the Commonwealth did not name the victim.

Because the name of the victim is clearly "legally essential" to the charge of attempted malicious wounding, the variance is fatal, and the defendant's motion to strike is granted. The motion of the Commonwealth to amend the indictment is denied.

Despite the recent decision of *Davis v. Commonwealth*, 4 Va. App. 27 (1987), which held that the Commonwealth does not have to prosecute on the underlying felony at the same time it prosecutes an offense of the use of a firearm in the commission of that offense, it would be inappropriate to allow this case to proceed only on the second count of the indictment. Because a finding of guilt on any of a number of lesser included offenses of attempted malicious wounding would not support a firearm conviction under Virginia Code Section 18.2-53.1, the prejudice to the defendant resulting from the Court's striking of evidence as to the attempted malicious wounding charge could not be corrected by any instruction to the jury, no matter how carefully such instruction might be worded. Therefore, the motion to strike is similarly granted to the second count of the indictment.