## Norfolk

REGINALD LEE GRIFFIN

v.

COMMONWEALTH OF VIRGINIA

No. 0144-90-1

Decided December 17, 1991

410

COUNSEL

J. Wayne Sprinkle, for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BENTON, J.—Reginald Lee Griffin was convicted of statutory burglary based on an indictment which read, in relevant part, that he "did break and enter in the daytime the dwelling house of James A. Whitaker, with the intent to commit larceny." Griffin claims that because the evidence showed that the offense occurred in the evening, the evidence varied from the indictment and, therefore, was insufficient to support the conviction. We affirm the conviction.

The evidence proved that on a November day, Vincent Whitaker and Griffin were in the house in which Vincent Whitaker and his brother, James Whitaker, lived. At 3:00 p.m., Vincent Whitaker locked both the front and back doors and walked to a friend's house with Griffin. The house was tidy inside when they left.

Griffin left the friend's house before Whitaker. When Vincent Whitaker returned home at approximately 5:00 p.m., night had fallen. He saw a light on in the bedroom that he shared with his brother and a broken pane of glass in the front door. Inside the ransacked house, he saw Griffin in the bedroom looking for something. When he asked Griffin what he was doing, Griffin replied that he did not take anything and left. Items of property belonging to James Whitaker were strewn about. Griffin did not have permission to be in the house.

Griffin was charged with grand larceny in violation of Code § 18.2-95 and with breaking and entering the dwelling in the daytime with the intent to commit larceny in violation of Code § 18.2-91.[1] He was convicted of breaking and entering and acquitted of grand larceny. Griffin argues that because the proof does not correspond to the allegations contained in the indictment, he cannot be convicted of the offense charged in the indictment. Specifically, he contends that the word "daytime" in the indictment cannot be considered surplusage because the phrase "breaking and entering in the daytime" is an essential element of the offense. We disagree.

"[T]he function of an indictment . . . is to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser." *Willis v. Commonwealth*, 10 Va. App. 430, 437-38, 393 S.E.2d 405, 409 (1990). "A variance is fatal . . . only when the proof is different and irrelevant to the crime defined in the indictment and is, therefore, insufficient to prove the commission of the crime charged." *Hawks v. Commonwealth*, 228 Va. 244, 247, 321 S.E.2d 650, 651-52 (1984). "[M]ere matters of form [will be rejected] where no injury could have resulted therefrom to the accused." *Mitchell v. Commonwealth*, 141 Va. 541, 558, 127 S.E. 368, 374 (1925).

The burglary statute expressly states that "if any person . . . *at any time* breaks and enters . . . any . . . other house" with a larcenous intent, a criminal offense is committed whether it occurs during the day or night. Code § 18.2-90 (emphasis added). Although the statutory phrase " 'other house' must look for its

---

[1] Code § 18.2-91 effective at the time of the offense stated in relevant part:
"If any person do any of the acts mentioned in [Code] § 18.2-90 with intent to commit larceny . . . he shall be deemed guilty of statutory burglary."
Code § 18.2-90 states:
"*If any person* in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house or an adjoining, occupied outhouse or in the nighttime enters without breaking or *at any time breaks and enters* or enters and conceals himself in *any* office, shop, storehouse, warehouse, banking house, or other *house*, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation, *with intent to commit murder, rape or robbery, he shall be deemed guilty of statutory burglary*, which offense shall be a Class 3 felony. However, if such person was armed with a deadly weapon at the time of such entry, he shall be guilty of a Class 2 felony." (emphasis added).

meaning to the specific items which precede it," the phrase contemplates "improvements affixed to the ground, that is, they are realty" and necessarily includes any such structure used as a dwelling. *Graybeal v. Commonwealth*, 228 Va. 736, 740, 324 S.E.2d 698, 700 (1985). Thus, whenever there is a breaking and entering of a dwelling with a larcenous intent, the timing of the offense is not an essential element of the offense. Since breaking and entering of a dwelling, at any time, is the essential element of the offense, the indictment's allegation that the offense occurred in the daytime is nothing more than surplusage.

Griffin does not contend that the dwelling was not a house. Moreover, he was on notice of the charge against him and the date the breaking and entering occurred. "[T]he variance as to [whether it was dark or light] could not have caused him harm in terms of a fair and impartial trial on the merits." *Hairston v. Commonwealth*, 2 Va. App. 211, 216, 343 S.E.2d 355, 358 (1986). The proof established beyond a reasonable doubt a breaking and entering.

This case is distinguishable from both *Mitchell* and *Etheridge v. Commonwealth*, 210 Va. 328, 171 S.E.2d 190 (1969), cases cited by Griffin in support of his argument. In *Mitchell*, the Commonwealth unnecessarily alleged a "false and fraudulent" entry on bank books with the intent to conceal the true nature of the account. All that then existing Code § 4457 required was an entry on the bank books, whether true or false, with the intent to conceal the true nature of the account. The *Mitchell* court held that unnecessary words in an indictment described, limited or qualified the statutory necessary words and, thus, the unnecessary words had to be proven as charged. 141 Va. at 560, 127 S.E. at 374.

The addition of the word "daytime" in Griffin's indictment more particularly defined the term "any time," the general span of time within which the conduct of breaking and entering the dwelling is statutorily described. The phrase "any time" is not, however, a statutorily necessary word. The addition of "daytime" was surplusage that designated the general time of the offense but did not describe, limit, or qualify the conduct which is statutorily proscribed. *See Cochran v. Commonwealth*, 122 Va. 801, 812-13, 94 S.E. 329, 332 (1917) (no fatal variance occurred where the indictment denoted specific times but the statute contained a time span which was proved by evidence).

In *Etheridge*, the indictment at issue alleged that Etheridge shot into Edna Harper's house while it was occupied. However, the evidence at trial showed that Etheridge actually shot into Alberta Riddick's house. The conviction was reversed because proof that Etheridge shot into Alberta Riddick's house was different from and irrelevant to the conduct that was charged — shooting into Edna Harper's house. 210 Va. at 330, 171 S.E.2d at 191-92. Because the indictment specified the particular house, it described and limited the defendant's conduct of "shoot[ing] at or into a dwelling house" to the specific house named in the indictment. *Id.*

Griffin has no basis to complain that his conduct as described in the indictment was at variance with the statutory requirement. Because breaking and entering a dwelling "at any time" with the requisite intent is a violation of Code § 18.2-90, the specification "daytime" was neither "legally essential" to charge a violation of the statute nor varied the conduct which the statute proscribes. *Hairston*, 2 Va. App. at 217, 343 S.E.2d at 359. The dwelling was identified, the elements of the crime were described, and Griffin suffered no harm from the indictment's allegation that the incident occurred before dark. Griffin's defense was not that he was prejudiced by the failure to prove that the incident occurred at 3 p.m., rather than 5 p.m. His defense was based upon a challenge to the credibility of the witnesses.

For these reasons, we affirm the judgment.

*Affirmed.*

Baker, J., and Willis, J., concurred.