COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


SHAWN WILLIAM MURPHY, s/k/a
 SHAWN D. MURPHY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0974-99-2          JUDGE NELSON T. OVERTON
                                          MAY 16, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

            Patricia P. Nagel, Assistant Public Defender
            (David J. Johnson, Public Defender; Office of
            the Public Defender, on brief), for
            appellant.

            Marla Graff Decker, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief) for appellee.


     Shawn W. Murphy, appellant, appeals his conviction of grand

larceny of a firearm. Appellant contends the language of the

indictment required the Commonwealth to prove the firearm's value

was at least two hundred dollars. We disagree, and affirm the

conviction.

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'" Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

_____
     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

(citation omitted).  Viewed in this light, the evidence proved that several items, including a gun, were stolen from John Croft's home during a burglary.  Croft testified that only the gun, not the gun's pistol grip or barrel, was taken.  He stated he purchased the gun in 1986 for $199, excluding tax and interest for layaway, and he probably could not sell the gun for more than that amount of money.  Appellant admitted to the police that he committed the burglary and stole the items, though he testified at trial that he never confessed to the burglary, only to receiving the property as payment for rent.

The Commonwealth indicted appellant for breaking and entering, grand larceny of property, and grand larceny of a firearm.  The trial judge ruled he could only convict appellant of one count of grand larceny.  The trial court convicted appellant of breaking and entering and grand larceny of a firearm, and dismissed the grand larceny of property charge.

The grand larceny of a firearm indictment alleged that appellant "did feloniously and unlawfully take, steal, and carry away property, to wit:  a firearm, belonging to John Croft, having a value of $200 or more, without permission and with the intent to deprive the owner permanently thereof."  The indictment cited Code § 18.2-108.1.  Code § 18.2-108.1 prohibits knowingly receiving, or aiding in the concealment of, a stolen firearm.  Code § 18.2-95 proscribes larceny of a firearm.

Appellant argues that, because the Commonwealth cited the wrong statute, the indictment's value language became essential to the crime. Appellant further contends that there was a fatal variance in the indictment and proof because the Commonwealth failed to prove the gun's alleged value.

We agree that the Commonwealth cited the wrong statute. We also agree that the Commonwealth failed to prove the gun had a value of $200 or more. The purchase price for the gun was $199, excluding tax and interest for layaway, and Croft testified that he could not sell the gun for more than the purchase price. However, we do not agree that the Commonwealth had to prove the value of the gun.

"An indictment is a written accusation of a crime and is intended to inform the accused of the nature and cause of the accusation against him." Hairston v. Commonwealth, 2 Va. App. 211, 213, 343 S.E.2d 355, 357 (1986). Code § 19.2-220 provides that the indictment must include a concise, definite written statement describing the offense charged. "In describing the offense, . . . the indictment or information may state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged." Code § 19.2-220. Rule 3A:6 requires an indictment to cite the defining statute or ordinance.

Here, in its written statement describing the crime, the indictment clearly outlined a grand larceny of a firearm, as prohibited by Code § 18.2-95, and incorrectly cited Code § 18.2-108.1. Rule 3A:6, however, states that "[e]rror in the citation of the statute . . . shall not be grounds for dismissal of an indictment . . . or for reversal of a conviction, unless the court finds that the error . . . prejudiced the accused in preparing his defense." See also Stamper v. Commonwealth, 228 Va. 707, 713, 324 S.E.2d 682, 686 (1985).

The incorrect citation did not prejudice appellant's ability to prepare a defense. Appellant's cross-examination and evidence were consistent with a defense to a charge of grand larceny of a firearm. Appellant also referred to the charge as grand larceny of a firearm in his motions to strike the evidence and dismiss the charge. Therefore, appellant cannot now claim that he was unaware that he was standing trial for grand larceny of a firearm or that he was prejudiced by the error in citation.

Nonetheless, appellant maintains that because of the discrepancy in the cited statute and the charge, the Commonwealth had to prove value as an essential element of the crime alleged in the indictment. Appellant cites Williams v. Commonwealth, 8 Va. App. 336, 381 S.E.2d 361 (1989), for the proposition that "'[t]he accused cannot be convicted unless the evidence brings him within the offense charged in the

indictment. . . . [T]he indictment must charge the very offense for which a conviction is asked.'" Id. at 341, 381 S.E.2d at 364 (quoting Mitchell v. Commonwealth, 141 Va. 541, 553, 127 S.E. 368, 372 (1925)).

Appellant's reliance on Williams is misplaced. There, the indictment vaguely alleged the charge of perjury, without describing the type of perjury the Commonwealth intended to prove. Therefore, the citation to the statute supplemented the written statement in giving notice of the type of perjury Williams needed to defend. The record did not support a finding that there was an error in citation. Here, the indictment unambiguously described a grand larceny of a firearm in its written statement and the citation to the statute was not necessary to supplement the description. Unlike the Williams case, the reference to the statute was an error in citation.

Code § 18.2-95 makes larceny of a firearm a felony "regardless of its value." Therefore, value is not an element of the crime, and the value language in the indictment was unnecessary to the charge. In Hairston, we held that

> when an allegation of variance is based on
> unnecessary words in an indictment, the
> unnecessary word or words in the indictment
> must be descriptive of that which is
> "legally essential" to the charge. Stated
> another way, the unnecessary language must
> have a material effect on the offense
> charged and on the proof required to convict
> under that charge.

Hairston, 2 Va. App. at 217, 343 S.E.2d at 359. "No indictment will be deemed invalid for the insertion of any other words [than those necessary to describe the offense] or surplusage." Id. at 214, 343 S.E.2d at 357; see also Code § 19.2-226(9). "A variance is fatal . . . only when the proof is different from and irrelevant to the crime defined in the indictment and is, therefore, insufficient to prove the commission of the crime charged." Hawks v. Commonwealth, 228 Va. 244, 247, 321 S.E.2d 650, 651-52 (1984) (citation omitted).

Here, the Commonwealth proved the taking and carrying away of a firearm with the intent to permanently deprive the owner thereof. The value of the firearm was irrelevant to the offense and did not alter the nature or character of the crime described in the indictment. The value did not describe any essential element of the crime and did not materially affect the offense or proof required.

"Notice to the accused of the offense charged against him is the rockbed requirement which insures the accused a fair and impartial trial on the merits and forms the key to the fatal variance rule." Hairston, 2 Va. App. at 214, 343 S.E.2d at 357. Value is not an element of grand larceny of a firearm, and the value language did not describe that which was legally essential to prove. Appellant had notice of the offense charged against him and, although the Commonwealth failed to prove the value of

the gun, as alleged in the indictment, the variance was not fatal because the language was mere surplusage.

For the above stated reasons, appellant's conviction for grand larceny of a firearm is affirmed.

<u>Affirmed.</u>
