COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Bumgardner
Argued at Richmond, Virginia


GEORGE SMITH ALSTON

                                        OPINION BY
v.    Record No. 1822-99-2         JUDGE RICHARD S. BRAY
                                         JUNE 20, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                James B. Wilkinson, Judge

        Patricia P. Nagel, Assistant Public Defender
        (David J. Johnson, Public Defender, on
        brief), for appellant.

        Amy L. Marshall, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


    George Smith Alston (defendant) was convicted, in a bench

trial, of arson in violation of Code § 18.2-77.  On appeal, he

challenges the sufficiency of the evidence to establish the

offense charged in the indictment.  Finding that the unproven

allegation of the indictment, the ownership of the premises, was

mere surplusage, we affirm the conviction.

                              I.

    Guided by familiar principles, we consider the record "'in

the light most favorable to the Commonwealth, giving it all

reasonable inferences fairly deducible therefrom.  In so doing,

we must discard the evidence of the accused in conflict with

that of the Commonwealth, and regard as true all the credible

evidence favorable to the Commonwealth . . . .'"  Watkins v.
Commonwealth, 26 Va. App. 335, 348, 404 S.E.2d 856, 866 (1998)
(citation omitted).

On March 18, 1999, Mary Mitchell, together with her mother,
brother and son, returned from church to a residential dwelling
occupied by the four in the city of Richmond.  Defendant, then
"living in and out" of the home, was present when the family
arrived.  Shortly thereafter, Mitchell discovered that "sodas" and
"hamburger" were missing and "confronted" defendant, prompting an
argument that culminated with Mitchell ordering defendant from the
house.  Defendant "left in an angered manner" and, once outside,
was seen "walking up and down" a nearby street.  "[A]bout 15
minutes" later, Mitchell's brother discovered a fire in the
"downstairs" area of the home, alerted the others, and everyone
escaped through the "back entrance."

Moments prior to the fire, Kenneth Jones, a neighbor "across
the street," observed defendant "kneel down" "beside the
[Mitchell] residence," rise and "all of the sudden a blaze of fire
comes out."  As Jones ran "towards the fire," defendant "just
stood right there . . . and . . . walked away."  After Jones
extinguished the fire with "dirt and mud," he noticed defendant
"peep back around the corner," and alerted a "correctional
officer," then also at the scene.  As the two men approached
defendant, he fled, but Jones pursued and apprehended him for
police.

-

Richmond Police Detective Michael J. Wyatt, an expert "in the nature of arson and the nature and cause and origin of fires," testified that his investigation of the fire disclosed that the cause was neither "electrical" nor "mechanical," but "incendiary in nature," a fire which "has to be set."

The subsequent indictment of defendant, as amended, alleged that

> [o]n or about March 18, 1999, in the City of Richmond, [he] did feloniously, unlawfully and maliciously burn[], or by use of explosive device destroy[] an occupied dwelling or manufactured home, belonging to Joseph O'Brian. Virginia Code Section 18.2-77.

(Emphasis added.) Defendant argues on appeal that the evidence failed to prove that the "dwelling . . . belong[ed] to Joseph O'Brian, resulting in a fatal variance between an allegation of the indictment and the requisite proof" to support the conviction.

## II.

"An indictment is a written accusation of a crime . . . intended to inform the accused of the nature and cause of the accusation against him." Hairston v. Commonwealth, 2 Va. App. 211, 213, 343 S.E.2d 355, 357 (1986); see Code § 19.2-220. "It is elementary that what need not be proved need not be alleged," although "sometimes [the indictment] alleges something that . . . was not necessary to allege," requiring proof of "what . . . has [been] alleged unless the unnecessary allegation can

-

be rejected as surplusage." Mitchell v. Commonwealth, 141 Va. 541, 555, 127 S.E. 368, 373 (1925). "'If the unnecessary word or words . . . in the indictment describe, limit or qualify the words which it was necessary to insert therein, then they are descriptive of the offense charged in the indictment and cannot be rejected as surplusage.'" Hairston, 2 Va. App. at 214-15, 343 S.E.2d at 357 (quoting Mitchell, 141 Va. at 560, 127 S.E. at 374). However, to become indispensable, "the unnecessary language must have a material effect on the offense charged and on the proof required to convict under that charge." Id. at 217, 343 S.E.2d at 359 (emphasis added).

Here, the indictment charged defendant with a violation of Code § 18.2-77(A), which provides, in pertinent part, "[i]f any person maliciously (i) burns, or by use of any explosive device or substance destroys, in whole or in part, or causes to be burned or destroyed, . . . any dwelling house . . . whether belonging to himself or another, . . . he shall be guilty of a felony, punishable" as prescribed by the statute.[1] (Emphasis added.) "[T]he term 'dwelling house'" has been defined, in the context of Code § 18.2-77, as "a place which human beings regularly use for sleeping." Marable v. Commonwealth, 27 Va. App. 505, 513, 500 S.E.2d 233, 237 (1998) (citing Rash v. Commonwealth, 9 Va. App. 22, 26-27, 383 S.E.2d 749, 751 (1989)).

---

[1] Code § 18.2-77(B) provides for a reduced penalty "when such building . . . is unoccupied."

-

Thus, to prove the dwelling house element of Code § 18.2-77(A), the Commonwealth need not establish ownership of the premises, only routine habitation.

Defendant acknowledges that "it may not have been necessary to allege in the instant indictment whose house was burned," but relies upon Etheridge v. Commonwealth, 210 Va. 328, 171 S.E.2d 190 (1969), in support of his contention that, once charged, such proof was necessary to a conviction. In Etheridge, the indictment alleged that the accused "did unlawfully, feloniously and maliciously shoot at or into a dwelling house, to-wit: the residence of Edna Harper located at Route 2, Box 224, Galbush Road, Chesapeake, Virginia," a violation of former Code § 18.1-152. Id. at 329, 171 S.E.2d at 191 (emphasis added). However, the evidence at trial established that Edna Harper, although present in the dwelling at the time of the offense, resided elsewhere. See id. In reversing the conviction, the Court concluded that the Commonwealth "chose to specify" the dwelling house "or residence involved as that of Edna Harper," a description of "that which was necessary to be alleged" that "cannot . . . be treated as surplusage." Id. at 329-30, 171 S.E.2d at 191-92.

In contrast, the subject indictment makes no reference to the resident or residents of the subject dwelling house, but, instead, specifies only the owner of the property, an unnecessary allegation. The language in Etheridge, "the

-

residence of Edna Harper," modified "words . . . necessary to" the indictment, dwelling house, which requires habitation or residency, by definition, and, therefore, could not "be rejected as surplusage." Hairston, 2 Va. App. at 214, 215, 343 S.E.2d at 357, 357. The extraneous language now before the Court qualified ownership, a circumstance immaterial to the offense and clearly unnecessary to a successful prosecution of the indictment.

Accordingly, we find the evidence sufficient to prove the offense charged in the indictment and affirm the conviction.

Affirmed.