COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Annunziata
Argued at Alexandria, Virginia


ENNOS MORRIS
                                            OPINION BY
v.    Record No. 1610-99-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       NOVEMBER 7, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Alfred D. Swersky, Judge

Christopher R. K. Leibig, Assistant Public
Defender (Office of the Public Defender, on
brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Ennos Morris (appellant) was convicted in a jury trial of driving after having been adjudicated an habitual offender, in violation of Code § 46.2-357(B)(2).  The sole issue on appeal is whether the trial court erred in denying appellant's motion to strike the evidence because the indictment alleged that he had been "adjudicated" an habitual offender, while the evidence proved he had been "determined" an habitual offender.[1]  For the following reasons, we affirm.

---

[1] In his petition for appeal, appellant also challenged Jury Instruction 3.  However, appellant did not include this issue in his questions presented or in his opening brief.  Therefore, we do not address it here.  See Rule 5A:20.

I.

Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to that evidence all

reasonable inferences fairly deducible therefrom.  See Juares v.

Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on September 22, 1998,

appellant was stopped for driving in excess of 100 miles per

hour on Interstate 395.  The arresting officer learned that on

April 29, 1998, appellant received a "DMV Revocation Notice"

stating that his operator's license had been revoked because he

had been "determined" an habitual offender.

On January 4, 1999, the grand jury returned a three-count

indictment, including the following charge:

> On or about the 22nd day of September, 1998,
> in the City of Alexandria, ENNOS MORRIS did
> unlawfully and feloniously drive a motor
> vehicle after having been adjudicated an
> Habitual Offender, such driving of itself
> having endangered the life, limb, or
> property of another.
>
> VIRGINIA CODE § 46.2-357(B)(2)

(Emphasis added).

At trial, appellant moved to strike the habitual offender

charge, arguing that while the indictment stated he had been

"adjudicated" an habitual offender, he had in fact been

"determined" an habitual offender.  The Commonwealth argued

that, consistent with Code § 46.2-357, "the Defendant simply has

-

to have been found an habitual offender."  At that point, the following colloquy occurred between counsel and the trial judge:

> THE COURT:  What have you been precluded from raising here before me today because of the word "adjudicated" in the document?
>
> [COUNSEL]:  Well, actually –
>
> THE COURT:  Is there something you haven't been able to raise?
>
> [COUNSEL]:  On the contrary, I would say that –
>
> THE COURT:  That's what I thought.

The jury returned a verdict finding appellant "guilty of habitual offender felony as charged in the indictment."

## II.

The sole issue on appeal is whether use of the word "adjudicated" an habitual offender in the indictment and the proof at trial that Morris had been "determined" to be an habitual offender constituted a fatal variance between the indictment and the evidence presented at trial.

Code § 19.2-220 provides that:

> The indictment or information shall be a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date.  In describing the offense, . . . the indictment or information may state so much of the common law or statutory definition of the offense as is sufficient to advise what <u>offense</u> is charged.

-

(Emphasis added).  "The indictment should also 'cite the statute or ordinance that defines the offense or, if there is no defining statute or ordinance, prescribes the punishment for the offense.'"  Sims v. Commonwealth, 28 Va. App. 611, 619, 507 S.E.2d 648, 653 (1998) (quoting Rule 3A:6(a)).

"'[T]he function of an indictment . . . is to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser.'"  Id. (quoting Willis v. Commonwealth, 10 Va. App. 430, 437-38, 393 S.E.2d 405, 409 (1990)).  "'[M]ere matters of form [will be rejected] where no injury could have resulted therefrom to the accused.'"  Griffin v. Commonwealth, 13 Va. App. 409, 411, 412 S.E.2d 709, 711 (1991) (quoting Mitchell v. Commonwealth, 141 Va. 541, 558, 127 S.E. 368, 374 (1925)).

In the instant case, appellant was charged with "unlawfully and feloniously driv[ing] after having been adjudicated an Habitual Offender."  As required by Code § 19.2-220, the indictment contained the following information: (1) appellant's name; (2) a description of the offense charged; (3) the city in which the offense occurred; and (4) the date of the offense.  In addition, the indictment clearly identified the statute under which appellant was charged, i.e., Code § 46.2-357(B)(2). Significantly, in response to direct questioning by the trial judge, counsel could not identify any prejudice resulting from

-

the alleged variance between the indictment and the proof at trial.

Additionally, we conclude that any variance between the terms "adjudicated" and "determined," as applied in this case, is non-fatal. "A variance is fatal . . . only when the proof is different from, and irrelevant to the crime defined in the indictment and is, therefore, insufficient to prove the commission of the crime charged." Hawks v. Commonwealth, 228 Va. 244, 247, 321 S.E.2d 650, 652 (1984). "By statute, an indictment may use the name given to the offense by the common law or may state as much of the common law definition of the offense as is sufficient to advise what offense is charged. No indictment will be deemed invalid for the insertion of any other words or surplusage." Hairston v. Commonwealth, 2 Va. App. 211, 213-14, 343 S.E.2d 355, 357 (1986) (citations and footnote omitted). "Notice to the accused of the offense charged against him is the rockbed requirement which insures the accused a fair and impartial trial on the merits and forms the key to the fatal variance rule." Id. at 214, 343 S.E.2d at 357.

In the instant case, Code § 46.2-357(B)(2) requires simply that appellant be "determined or adjudicated" an habitual offender as an element of the offense. (Emphasis added). Use of the word "adjudicated" in the indictment did not change the nature or cause of the accusation against appellant. It did not change the offense that had been committed, nor did it alter the

-

proof required to convict appellant of that crime. The specific method by which appellant had been deemed an habitual offender does not change the nature of the offense under Code § 46.2-357(B)(2). Thus, the allegation in the indictment that Morris had been "adjudicated" an habitual offender and proof that he had been "determined" such did not constitute a fatal variance between the accusation and the proof. Appellant's conviction is affirmed.

<u>Affirmed.</u>