COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Overton
Argued at Alexandria, Virginia


RICHARD WAYNE NUCKLES
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 2570-01-4           JUDGE NELSON T. OVERTON
                                         NOVEMBER 5, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF WARREN COUNTY
                      Dennis L. Hupp, Judge

          Michael V. Greenan for appellant.

          Stephen R. McCullough, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     Richard Wayne Nuckles, appellant, appeals his felony

conviction of grand larceny, a violation of Code § 18.2-95(ii).

Appellant contends the evidence was not sufficient to prove the

owner of the goods was a corporate entity as alleged in the

indictment.  We agree and, therefore, reverse the conviction.

                            BACKGROUND

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

<u>Commonwealth</u>, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

The indictment charged that "[o]n or about November 8, 1998, . . . [appellant] did unlawfully and feloniously take, steal, and carry away the goods and chattels of Breeden Mechanical Inc., in violation of Section 18.2-95 of the Code of Virginia . . . ." Donnie Knight testified that he worked for "Breeden Mechanical" for thirty-two years and supervised appellant. "Breeden Mechanical" employed appellant as a plumber and issued appellant a truck that was outfitted with tools, a toolbox, an acetylene rig, and a generator. When appellant left his employment, he failed to return the truck and equipment. "Breeden Mechanical" employees later retrieved the truck but the tools and equipment were gone. No evidence established whether "Breeden Mechanical" was a corporate entity, and Knight testified he was not a corporate officer.

ANALYSIS

Appellant contends that because the indictment specifically identified the owner of the property as "Breeden Mechanical <u>Inc</u>.," the Commonwealth was required to prove the corporate status of the business entity. No evidence established that "Breeden Mechanical" was the corporation identified as the victim in the indictment.

"'[T]he function of an indictment . . . is to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser.'" Griffin v. Commonwealth, 13 Va. App. 409, 411, 412 S.E.2d 709, 711 (1991) (citation omitted). "By statute, an indictment may use the name given to the offense by the common law or may state as much of the common law definition of the offense as is sufficient to advise what offense is charged. Code § 19.2-220." Hairston v. Commonwealth, 2 Va. App. 211, 213-14, 343 S.E.2d 355, 357 (1986). In a grand larceny proceeding, the Commonwealth is also required to identify the owner of the property in the indictment. Code § 19.2-284.

> No indictment will be deemed invalid for the insertion of any other words or surplusage. Code § 19.2-226(9). Notice to the accused of the offense charged against him is the rockbed requirement which insures the accused a fair and impartial trial on the merits and form the key to the fatal variance rule.

Hairston, 2 Va. App. at 214, 343 S.E.2d at 357. "'If the unnecessary word or words inserted in the indictment describe, limit or qualify the words which it was necessary to insert therein, then they are descriptive of the offense charged in the indictment and cannot be rejected as surplusage. The offense as charged must be proved.'" Etheridge v. Commonwealth, 210 Va. 328, 330, 171 S.E.2d 190, 192 (1969) (quoting Mitchell v. Commonwealth, 141 Va. 541, 560, 127 S.E. 368, 374 (1925)).

-

Thus, when the indictment alleges one person owned the property and the proof established the property was owned by another person, a fatal variance results.  _Gardner v. Commonwealth_, 262 Va. 18, 546 S.E.2d 686 (2001).

The owner of the stolen property is legally essential to charge in the indictment.  _Hughes v. Commonwealth_, 58 Va. (17 Gratt.) 565 (1867).  The Commonwealth identified the owner as "Breeden Mechanical Inc."  Use of the term "Inc." has legal meaning and significance.  The Commonwealth either wrongly identified the entity as a corporation or it failed to prove that "Breeden Mechanical" was a corporation.  In either case, the term "Inc." cannot be dismissed as surplusage because it described, limited, and qualified that which was necessary to charge.  Thus, the Commonwealth failed to prove beyond a reasonable doubt that appellant stole property belonging to Breeden Mechanical Inc.

Accordingly, for the above stated reasons, the judgment of the trial court is reversed and the indictment dismissed.

_Reversed and dismissed._

-