### Richmond
## MICHAEL WILLIAMS
v.
## COMMONWEALTH OF VIRGINIA
No. 0794-87-2
Decided June 20, 1989

---

COUNSEL

Louis A. Rosenstock, III (Hill, Rainey and Rosenstock, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLE, J.**— The appellant, Michael Williams, was convicted in a bench trial of three counts of robbery and three counts of use of a firearm in commission of a felony. In a second bench trial four months later, he was convicted of perjury. Williams was sentenced to a total of seventy years imprisonment on the three robbery convictions, with fifty years suspended, ten years on the firearms convictions, and ten years on the perjury conviction, four years of which were suspended. Williams contends the evidence was insufficient to support the three robbery and the perjury convictions. We affirm the robbery convictions and reverse the perjury conviction.

■ On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it. *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On November 13, 1986, Williams and another man entered the O.K. Convenience Store. Williams pointed a gun at Pong Kim, owner of the store, and told Kim and two customers to lie on the floor. The man with Williams pushed Kim's wife to the floor, breaking two of her ribs. The men took $215 from the store.

On November 18, 1986, Williams and another man entered the Canton Restaurant. The second man pointed a gun at an employee, Li Yim, and demanded money. The men left with approximately $200.

On November 19, 1986, Williams and another man entered the Golden Corral Restaurant. The taller man pointed a gun at the cashier, Patricia Hawkins. The other man, whom Hawkins identified as Williams, took about $300 from the cash register.

On November 26, 1986, Williams was arrested by police on another charge. Upon questioning, he admitted to the robberies described above.

Williams first challenges the sufficiency of the evidence to support his convictions for the O.K. Convenience Store and Canton Restaurant robberies. However, he neither preserved the sufficiency issue for appeal in the trial court nor presented it adequately in his brief. "A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal." Rule 5A:18.

■ Williams next contends that the evidence was insufficient to support his conviction in the Golden Corral robbery. Specifically, he argues that the Commonwealth failed to prove that the taking of money from the restaurant cashier was accomplished by violence or intimidation, an element of the crime of robbery. However, we are satisfied that this element was proven. The evidence, including Williams' confession to police, shows that his accom-

plice pointed a gun at the cashier. Presentation of a firearm establishes intimidation. *See Pritchard v. Commonwealth*, 225 Va. 559, 563, 303 S.E.2d 911, 913 (1983). The cashier's intimidation is further evidenced by the fact that she allowed Williams and his accomplice to reach into the cash register and help themselves to money. We affirm the three robbery convictions.

Ronald Parrish, Williams' accomplice in the robberies at the Canton and Golden Corral Restaurants, was tried for the offenses on April 6, 1987. After the first trial, which resulted in a hung jury, Parrish was tried again on May 12, 1987. Williams testified at both trials that he committed the robberies, but his testimony differed as to Parrish's role. On April 6, Williams testified that Parrish was involved in both robberies and had carried the gun both times. On May 12, Williams testified that he and "four dudes" committed the Canton robbery and Parrish was not present. He testified that he had robbed the Golden Corral with "some tall dude," not Parrish.

An indictment subsequently returned against Williams charged that on April 6, or May 12, 1987, Williams "did commit perjury in testifying to a material fact in the case of the Commonwealth v. Ronald Parrish in the Circuit Court of the City of Petersburg." The indictment listed Code § 18.2-434 as the statute violated. At the perjury trial, the Commonwealth proved only that Williams' testimony at the two Parrish trials had been different. The trial court found Williams guilty, holding that it was unnecessary for the Commonwealth to establish on which occasion his testimony had been false.

 The common law crime of perjury is codified at Code § 18.2-434. The statute states in pertinent part:

> If any person to whom an oath is lawfully administered on any occasion willfully swears falsely on such occasion touching any material matter or thing . . . he shall be guilty of perjury . . . .

Code § 18.2-434. At common law, proof of contradictory sworn statements alone was insufficient for a perjury conviction. The Commonwealth was required to show which of the statements was false, and to prove the falsity of that statement by evidence other than another contradictory statement. *Smyth v. Godwin*, 188 Va.

753, 770, 51 S.E.2d 230, 238 (1949), *cert. denied*, 337 U.S. 946 (1949); *Rhodes v. Commonwealth*, 78 Va. 692, 697 (1884); *Schwartz v. Commonwealth*, 68 Va. (27 Gratt.) 1025, 1028-29 (1876).

In 1958, the General Assembly enacted the forerunner of Code § 18.2-435, which provides:

It shall likewise constitute perjury for any person, with the intent to testify falsely, to knowingly give testimony under oath as to any material matter or thing and subsequently to give conflicting testimony under oath as to the same matter or thing. In any indictment for such perjury, it shall be sufficient to allege the offense by stating that the person charged therewith did, knowingly and with the intent to testify falsely, on one occasion give testimony upon a certain matter and, on a subsequent occasion, give different testimony upon the same matter. Upon the trial on such indictment, it shall be sufficient to prove that the defendant, knowingly and with the intent to testify falsely, gave such differing testimony and that the differing testimony was given on two separate occasions.

Williams asserts that while he was indicted and arraigned for perjury as defined by Code § 18.2-434, he was tried and convicted of perjury as defined by Code § 18.2-435. The record supports this assertion. The Commonwealth offered evidence that Williams testified differently on two occasions, the essence of Code § 18.2-435 perjury. The trial court indicated that the Commonwealth need not show which of Williams' statements was false, observing that "[h]e's not charged with perjuring himself at both trials, he's charged with committing perjury in the combination of the trials and it's obvious one of them has got to be perjury."

There is no evidence that the indictment of Williams for Code § 18.2-434 perjury was mere error in the citation of the statute.[1]

---

[1] While an indictment must state the statute which defines the offense charged, "[e]rror in the citation of the statute . . . or omission of the citation, shall not be grounds for dismissal of an indictment or information, or for reversal of a conviction, unless the court finds that the error or omission prejudiced the accused in preparing his defense." Rule 3A:6; *see Stamper v. Commonwealth*, 228 Va. 707, 713, 324 S.E.2d 682 (1985).

There was no attempt to amend the indictment to charge Code § 18.2-435 perjury. The record also shows that the Commonwealth was prepared to offer evidence of the falsity of one of Williams' statements, proof of which would have been necessary only for Code § 18.2-434 perjury.

■ An indictment is a written accusation of a crime and is intended to inform the accused of the nature and cause of the accusation against him. *Hairston v. Commonwealth*, 2 Va. App. 211, 213, 343 S.E.2d 355, 357 (1986). The indictment "shall be a plain, concise and definite written statement . . . (2) describing the offense charged." Code § 19.2-220. "The accused cannot be convicted unless the evidence brings him within the offense charged in his indictment. . . . [T]he indictment must charge the very offense for which a conviction is asked." *Mitchell v. Commonwealth*, 141 Va. 541, 553, 127 S.E. 368, 372 (1925).

■ The Attorney General argues that the indictment was sufficient for a conviction under Code § 18.2-435 because it charged that Williams committed "perjury" on April 6 or May 12, 1987. We disagree. Code §§ 18.2-434 and 18.2-435 define separate and distinct perjury offenses. An accused has the right to be clearly informed of the charge he faces. Va. Const. art. I, § 8. The Commonwealth's burden of proof for a violation of Code § 18.2-434 is significantly different from its burden for a violation of Code § 18.2-435, and this fact could have been crucial to Williams in planning his defense.

The Commonwealth elected to prosecute Williams under Code § 18.2-434, and its case must either prevail or fall upon that election. *See Baker v. Commonwealth*, 225 Va. 192, 194, 300 S.E.2d 788, 789 (1983). While the proof at trial was not irrelevant to the Code § 18.2-434 charge, it was insufficient to prove that offense because it was not shown which of Williams' statements was false.

For the reasons stated, we affirm the robbery convictions but reverse the perjury conviction.

*Affirmed in part,*
*reversed in part.*

Baker, J., and Benton, J., concurred.