COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Annunziata and Senior Judge Coleman
Argued at Richmond, Virginia


RAY WINKLER
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 2998-01-2       JUDGE ROSEMARIE ANNUNZIATA
                                         JUNE 24, 2003
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF ORANGE COUNTY
                 Daniel R. Bouton, Judge

        Helen E. Phillips, for appellant.

        Robert H. Anderson, III, Assistant Attorney
        General (Jerry W. Kilgore, Attorney General,
        on brief), for appellee.


     Ray Winkler was convicted in a bench trial on six counts of

statutory burglary, five counts of grand larceny, and one count

of petit larceny.[1]  He contends on appeal that his convictions

must be reversed because the Commonwealth failed to prove the

value of the stolen property.  Finding no error, we affirm.

                              Facts

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"   Archer v.

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] On appeal, Winkler challenges one count of grand larceny
and one count of petit larceny.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence establishes that on the morning of November 3, 2000, Winkler broke into the home of Jarrett Lathers and Christine Kelly and stole a twenty gauge Smith and Wesson shotgun.  The shotgun and its carrying case were introduced as evidence.  No evidence of the shotgun's value was admitted.

The offense was the subject of Count 2 of the indictment, which read:

> On or about November 3, 2000, in the County of Orange, Commonwealth of Virginia, Ray Winkler did unlawfully and feloniously, commit simple larceny, not form [sic] the person of Jarrett Lathers and Christine Kelly, of a Smith and Wesson Shotgun, without the consent of the owners, and with the intent to permanently deprive the owners of said property.  Code § 18.2-95(ii).[2]

---

[2] Code § 18.2-95 includes the element of "value" in its definition of the offense.  It states:

> Any person who (i) commits larceny from the person of another of money or other thing of value of $5 or more, (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more, or (iii) commits simple larceny not from the person of another of any firearm, regardless of the firearm's value, shall be guilty of grand larceny, punishable by imprisonment in a state correctional facility for not less than one nor more than twenty years or, in the discretion of the jury or court trying the case without a jury, be confined in jail for a period not exceeding twelve months or fined not more than $2,500, either or both.

-

On the same date, Winkler broke into the home of Robert

Tony Gallahan, Jr. and his wife, Marlene, and stole a pellet gun

and a ruby and diamond ring.  The Commonwealth presented no

evidence of the value of the pellet gun or ring.  This offense

was charged in Count 4 of the indictment, which read:

> On or about November 3, 2000, in the County
> of Orange, Commonwealth of Virginia, Ray
> Winkler did unlawfully, take, steal and
> carry away property of Robert Gallahan and
> Marlene Gallahan, having a value of less
> than $200, to-wit: a pellet gun and jewelry,
> without the consent of the owners, and with
> the intent to permanently deprive the owners
> of said property.  Code § 18.2-95.

Winkler moved to strike Counts 2 and 4 on the ground that

the Commonwealth failed to introduce evidence of the value of

the stolen items.  The trial court denied the motion, ruling

that Count 2 charged Winkler with larceny of a firearm, a

violation of Code § 18.2-95(iii), and that Count 4 charged petit

larceny, a violation of Code § 18.2-96, neither of which

required proof of the value of the item.

## Analysis

On appeal, Winkler argues that his grand larceny conviction

should be reversed because the Commonwealth failed to prove

every element of the offense, specifically the value of the

shotgun taken by Winkler.[3]  We find his contention is without

merit.

---

[3] The Commonwealth argues that Winkler's contention
regarding Count 2 of the indictment is barred procedurally under

Winkler's claim invokes the principles governing indictments.

> [T]he function of an indictment . . . is to give the accused notice of the nature and character of the accusations against him in order than he can adequately prepare to defend against his accuser. A variance is fatal . . . only when the proof is different and irrelevant to the crime defined in the indictment and is, therefore, insufficient to prove the commission of the crime charged. [M]ere matters of form [will be rejected] where no injury could have resulted therefrom to the accused.

Griffin v. Commonwealth, 13 Va. App. 409, 411, 412 S.E.2d 709, 711 (1991) (citations omitted). Although an indictment must assert the essential facts related to punishment when the offense charged is based on a statute which provides for more than one grade of an offense, Hall v. Commonwealth, 8 Va. App. 350, 352, 381 S.E.2d 512, 513 (1989), neither internal inconsistency nor a citation to the wrong statutory provision necessarily constitutes reversible error. "Error in the citation of the statute . . . that defines the offense or prescribes the punishments therefor, or omission of the citation, shall not be grounds . . . for reversal of a conviction, unless the court finds that the error or omission

---

Rule 5A:18, on the ground that Winkler did not reference the differences between subsections (ii) and (iii) at the trial level. We disagree. Winkler made clear to the trial court his contention that the Commonwealth was required to prove the value of the weapon, based upon the statutory violation charged in the indictment. We find the objection he made before the trial court was sufficient to preserve for appeal.

prejudiced the accused in preparing his defense." Rule 3A:6(a); see also Stamper v. Commonwealth, 228 Va. 707, 713, 324 S.E.2d 682, 686 (1985) (affirming a conviction for possession of marijuana with intent to distribute, notwithstanding an incorrect citation to the statutory subsection, because defendant was not prejudiced by the error).

In the case at bar, the factual allegations in Count 2 of the indictment charge Winkler with grand larceny of the shotgun. The language of the indictment mirrors the language of Code § 18.2-95(iii) and does not state a value for the weapon alleged to have been stolen. Contrary to Winkler's assertion that the indictment did not provide him with notice of the charge, the indictment stated that he was indicted for grand larceny of the shotgun, without regard to its value. Although the indictment contained an erroneous statutory citation to sub-paragraph (ii), which requires proof of value, Winkler does not claim that his defense was prejudiced as a result, and we find he was not. See Rule 3A:6(a).

Winkler's contention that the petit larceny conviction on Count 4 of the indictment should be reversed is also without merit, for the reasons stated in our discussion as to Count 2. Count 4 charged Winkler with theft of a pellet gun and jewelry that had a value of less than $200 and erroneously cited Code § 18.2-95 as the applicable statute. Code § 18.2-95 proscribes grand larceny violations. However, the language of Count 4

-

specifically charges that the value of the stolen property was less than $200 and thus necessarily charges petit larceny. Winkler acknowledges that he was not improperly led to believe that he was being prosecuted for grand larceny and further acknowledges that he was not prejudiced by the erroneous statutory citation. See Rule 3A:6(a).[4]

Winkler relies on Robinson v. Commonwealth, 258 Va. 3, 516 S.E.2d 475 (1999), and Williams v. Commonwealth, 8 Va. App. 336, 381 S.E.2d 361 (1989), in support of his contentions. His reliance is misplaced.

Winkler cites the language in Robinson stating that "where the value of the thing stolen determines the grade of the offense the value must be alleged and the Commonwealth must prove the value to be the statutory amount." 258 Va. at 5, 516 S.E.2d at 475. Robinson is inapposite to the case at bar. As noted above, the Commonwealth was not required under Count 2 to prove the value of the shotgun to support the grand larceny charge under Code § 18.2-95(iii). Thus, proof of "the value" of the items was not an element of the offense, and the Commonwealth was only required to prove that the items had some intrinsic value, a fact that can be inferred from the nature of

---

[4] Moreover, an indictment charging grand larceny of the pellet gun and jewelry would not have precluded a conviction for petit larceny as a lesser-included offense of a grand larceny charge. See generally Taylor v. Commonwealth, 11 Va. App. 649, 652, 400 S.E.2d 794, 795 (1991).

-

the items themselves.  See generally Evans v. Commonwealth, 226 Va. 292, 297, 308 S.E.2d 126, 129 (1983).

In Williams, the indictment charged that the defendant committed perjury in violation of Code § 18.2-434.  He was convicted of perjury upon proof of elements set forth in a different statute, specifically Code § 18.2-435.  We found the citation to § 18.2-434 in the indictment prejudiced the defense, and we reversed the conviction, noting:  "The Commonwealth's burden of proof for a violation of Code § 18.2-434 is significantly different from its burden for a violation of § 18.2-435, and this fact could have been crucial to Williams in planning his defense."  Williams, 8 Va. App. at 341, 381 S.E.2d at 364.  Contrary to Williams, in the case at bar we find the language in Counts 2 and 4 was sufficient to charge the offenses of grand larceny and petit larceny and that the erroneous citation to another code section did not prejudice his defense on either count.

For the foregoing reasons, we affirm.

Affirmed.

-

Benton, J., concurring.

In pertinent part, Code § 19.2-220 provides as follows:

> The indictment or information shall be a plain, concise and definite written statement . . . describing the offense charged. . . .  In describing the offense, the indictment . . . may use the name given to the offense by the common law, or the indictment . . . may state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged.

By Rule of Court, "[t]he indictment . . . , in describing the offense charged, shall cite the statute or ordinance that defines the offense."  Rule 3A:6(a).  Thus, we have held that "[a]n indictment is a written accusation of a crime and is intended to inform the accused of the nature and cause of the accusation against him."  Hairston v. Commonwealth, 2 Va. App. 211, 213, 343 S.E.2d 355, 357 (1986).

Winkler contends that notwithstanding the written statement of offenses in Count 2 and Count 4 of the indictment, the reference at the bottom of the indictment to Code § 18.2-95(ii) and Code § 18.2-95, respectively, required the Commonwealth to prove the value of the property taken for each offense.  In simple terms, he contends the statutory reference at the bottom of each count of the indictment, rather than the written statement describing the offense, determines the offense charged by the indictment.

-

The question presented in this case requires us to decide whether an indictment is determined by the written statement describing the offense or by the statute cited at the bottom of the indictment when there is a conflict between the two. The answer to this question is apparent from Code § 19.2-220 and the following portion of Rule 3A:6(a):

> Error in the citation of the statute or ordinance that defines the offense or prescribes the punishments therefor, or omission of the citation, shall not be grounds for dismissal of an indictment or information, or for reversal of a conviction, unless the court finds that the error or omission prejudiced the accused in preparing his defense.

See also Wilder v. Commonwealth, 217 Va. 145, 148, 225 S.E.2d 411, 413 (1976) (holding that "the references at the foot of the [indictment] to the . . . statutes . . . support, but do not replace the 'definite written statement' . . . required in the body of an indictment").

Thus, where as here, the written statement in the indictment charges conduct substantially identical to the statutory language that creates an offense, the written statement identifies the offense the Commonwealth is required to prove to satisfy the indictment. To the extent a statute that is cited at the bottom of the indictment differs from the offense that is fully and completely described by the written statement of conduct, I would hold that the indictment contains an "[e]rror in the citation of the statute . . . that defines

-

the offense."  Rule 3A:6(a).  <u>See also</u> <u>George v. Commonwealth</u>,
242 Va. 264, 281, 411 S.E.2d 12, 22 (1991).

In this case, the record clearly establishes that the
written descriptions of the offenses specified in Counts 2 and 4
vary from the statutes cited respectively in support of those
described offenses.  In the motion to strike, however, Winkler
did not allege he was prejudiced by this anomaly.  Instead, he
contended that the Commonwealth had failed to prove what it was
bound to prove by the indictment.  I agree, therefore, with the
majority opinion that Winkler has not established that the error
prejudiced his defense.  Accordingly, I too would affirm the
convictions.