COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


CHRISTOPHER ROOSEVELT SCOTT

                                                    OPINION BY
v.        Record No. 2023-05-1              JUDGE LARRY G. ELDER
                                            NOVEMBER 14, 2006

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles E. Poston, Judge

Brooke E. Woodzell, Assistant Public Defender (Norfolk Public
Defender's Office, on brief), for appellant.

Donald E. Jeffrey, Assistant Attorney General (Robert F.
McDonnell, Attorney General; Office of the Attorney General, on
brief), for appellee.


Christopher Roosevelt Scott (appellant) appeals from his bench trial conviction for

statutory burglary in violation of Code § 18.2-91.  On appeal, he contends the trial court's refusal

to dismiss the indictment was reversible error because, while the indictment charged statutory

burglary based on the allegation that he "feloniously did enter in the nighttime . . . with intent to

commit larceny," it was undisputed that the entry actually occurred during daylight hours, and

the indictment charged only an entering, rather than a breaking and entering as required to

support a conviction for statutory burglary based on a daytime entry.  We hold that because the

indictment was not amended and appellant made a timely objection to the lack of evidence to

prove the offense occurred in the nighttime, his conviction must be reversed.  We need not

consider whether the evidence would have been sufficient to prove statutory burglary based on a

breaking and entering because that offense was not charged.  Thus, we reverse the conviction

and dismiss the indictment.

I.

BACKGROUND

An indictment against appellant for "statutory burglary [without a] weapon" charged that "On or about the 10th day of October, 2004[,] in the city of Norfolk, [appellant] feloniously did enter in the nighttime, the Data Business Systems, with intent to commit larceny. Va. Code 18.2-91."

At trial on that indictment, the Commonwealth offered evidence that, viewed in the light most favorable to the Commonwealth, see, e.g., Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975), established the following: Around Wednesday, October 6, 2004, two employees of Data Business Systems observed a man they did not know walk through the business's Virginia Beach warehouse. When they asked the man what he was doing, he said he was looking for a job. They told the man the company had no openings, and he left. Around Friday, October 8, 2004, one of those employees saw the same man "kind of lurking around the area" before getting into a car and driving away.

On Sunday, October 10, 2004, while the business was closed, video surveillance cameras at the company's warehouse recorded a breaking and entering that occurred between 5:42 and 5:55 p.m., during what were clearly daylight hours. The video showed that at 5:42 p.m., a car rammed one of the warehouse's overhead doors and drove away. The driver of the vehicle could not be seen in the video, but a company employee identified the vehicle as the one driven by the man he had seen "lurking" around the warehouse on October 8, 2004. About five minutes after the vehicle rammed the door, a man the company's employees identified as the same man they had seen at the warehouse on October 6 and October 8 entered the warehouse through the damaged overhead door. For the next several minutes the man moved around the warehouse, using a box cutter to open at least one box. At 5:55 p.m., while it was still light outside, the man

left the warehouse. At trial, the business's employees identified appellant as the man they had seen at the warehouse on October 6 and October 8 and the man depicted in the surveillance video of October 10.

At the close of the Commonwealth's evidence, appellant moved to strike on several grounds. He contended the video was insufficient to prove he was the person in the warehouse and that the car in the video was his. He also argued what he referred to a "technical matter[]": "[T]he indictment says, 'did enter in the nighttime.' There's been no evidence that this was an entry in the nighttime." The Commonwealth conceded that all events depicted in the video occurred during the daytime. The trial court denied the motion, stating in relevant part, "Well, the indictment is sufficient, in my view . . . ."

Appellant presented no evidence and then argued "on the issue of proof beyond a reasonable doubt." The trial court convicted him of the charged offense, and appellant noted this appeal.

II.

ANALYSIS

Pursuant to Code § 18.2-90, "If any person . . . in the nighttime enters without breaking or at any time breaks and enters . . . any building permanently affixed to realty, . . . he shall be deemed guilty of statutory burglary, which offense shall be a Class 3 felony." See Code § 18.2-10 (prescribing punishment for various felony grades). Pursuant to Code § 18.2-91, "[i]f any person commits any of the acts mentioned in § 18.2-90 with intent to commit larceny, or any felony other than murder, rape, robbery or arson . . . , he shall [also] be guilty of statutory burglary," but may be subject to a lesser penalty for that crime. Thus, one commits statutory burglary under these code sections when one either (1) enters in the nighttime or (2) enters after

breaking at any time, day or night.  See Griffin v. Commonwealth, 13 Va. App. 409, 411-12, 412

S.E.2d 709, 711 (1991).

"An indictment is a written accusation of a crime and is intended to inform the accused of

the nature and cause of the accusation against him."  Hairston v. Commonwealth, 2 Va. App.

211, 213, 343 S.E.2d 355, 357 (1986).  "An accused has the right to be clearly informed of the

charges he faces."  Williams v. Commonwealth, 8 Va. App. 336, 341, 381 S.E.2d 361, 364

(1989).

Errors in "'[m]ere matters of form [in an indictment will be rejected] where no injury [or

prejudice] could have resulted therefrom to the accused.'"  Griffin, 13 Va. App. at 411, 412

S.E.2d at 711 (quoting Mitchell v. Commonwealth, 141 Va. 541, 558, 127 S.E. 368, 374 (1925)).

For example, "[e]rror in the citation of the statute or ordinance that defines the offense or

prescribes the punishments therefore, or omission of the citation, shall not be grounds for

dismissal of an indictment or information, or for reversal of a conviction, unless the court finds

that the error or omission prejudiced the accused in preparing his defense."  Rule 3A:6.  Further,

"[n]o indictment or other accusation shall be quashed or deemed invalid: . . . [*inter alia*] (6) For

omitting to state, or stating imperfectly, the time at which the offense was committed *when time*

*is not the essence of the offense . . . .*"  Code § 19.2-226 (emphasis added).

However, "'[a] variance is fatal . . . when the proof is different [from] and irrelevant to

the crime defined in the indictment and is, therefore, insufficient to prove the commission of the

crime charged.'"  Griffin, 13 Va. App. at 411, 412 S.E.2d at 711 (quoting Hawks v.

Commonwealth, 228 Va. 244, 247, 321 S.E.2d 650, 651-52 (1984)).  "'The accused cannot be

convicted unless the evidence brings him within the offense charged in his indictment. . . .  [T]he

indictment must charge *the very offense* for which a conviction is asked.'"  Williams, 8 Va. App.

at 341, 381 S.E.2d at 364 (quoting Mitchell, 141 Va. at 553, 127 S.E. at 372) (emphasis added)

- 4 -

(reversing conviction because defendant was indicted for perjury as defined in one statute and convicted for "significantly different" type of perjury defined in another statute, "[a] fact [which] could have been crucial to Williams in planning his defense"). "When a defendant is convicted of charges not included in the indictment, [either expressly or as a lesser included offense,] . . . per se reversible error [has occurred]," and no showing of actual prejudice is required. United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996) (contrasting to situation in which "proof at trial does not add anything new or constitute a broadening of the charges," in which case "[s]uch a variance violates a defendant's rights and requires reversal only if it prejudices him" (citations omitted)); see Fontaine v. Commonwealth, 25 Va. App. 156, 165, 487 S.E.2d 241, 245 (1997) (noting that, absent amendment, defendant may be convicted only of offense charged in indictment or lesser included offense), overruled in part on other grounds, Edwards v. Commonwealth, 41 Va. App. 752, 761-66, 589 S.E.2d 444, 448-51 (2003) (en banc).

Applying these principles in Griffin, we held that, "whenever [an indictment alleges] a *breaking and entering* of a dwelling . . . , the timing of the offense is not an essential element of the offense." 13 Va. App. at 412, 412 S.E.2d at 711 (emphasis added). However, when the charge of statutory burglary is based on "*enter[ing] without breaking*," the statute makes clear the offense must have occurred "in the nighttime." Code § 18.2-90 (emphasis added).

Here, the indictment charged that appellant "entered in the nighttime," whereas the evidence proved the entry occurred in the daytime. The Commonwealth contends this variance is not fatal because statutory burglary may also be established by proof of a daytime entry if the evidence shows the entry was accompanied by a breaking. It avers that, because the evidence here also proved a breaking and because appellant did not allege any prejudice from the variance, we should reject appellant's claim of error.

- 5 -

Assuming without deciding that amendment of the indictment to allege an entering accompanied by a breaking would have been permissible under Code § 19.2-231,[1] the indictment was not amended in appellant's case. The Commonwealth never requested an amendment; the trial court gave no indication that it was amending the indictment *sua sponte*; and appellant was neither arraigned on an amended indictment nor given an opportunity "to plead anew thereto" or to request a continuance based on a claim of surprise as required by Code § 19.2-231. The trial court stated merely that "the indictment is sufficient, in my view."

Based on the reasoning in our prior decision in Fontaine v. Commonwealth, we reverse appellant's conviction. Fontaine involved a defendant indicted for leaving the scene of an accident in which a person was injured in violation of Code § 46.2-894. 25 Va. App. at 159, 487 S.E.2d at 242. That statute delineated at least two ways in which it could be violated: (1) by leaving the scene of an accident in which a person was injured, "commonly referred to as 'hit and run personal injury,'" and (2) by leaving the scene of an accident in which attended property was damaged, referred to as "hit and run property damage." Id. at 159 & n.1, 487 S.E.2d at 243 & n.1 (citing Code § 46.2-894). Although indicted for hit and run personal injury, the defendant

---

[1] Code § 19.2-231 provides in relevant part as follows:

> If there be any defect in form in any indictment, presentment or information, or if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof, the court may permit amendment of such indictment, presentment or information, at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged. After any such amendment the accused shall be arraigned on the indictment, presentment or information as amended, and shall be allowed to plead anew thereto, if he so desires, and the trial shall proceed as if no amendment had been made; but if the court finds that such amendment operates as a surprise to the accused, he shall be entitled, upon request, to a continuance of the case for a reasonable time.

was convicted for hit and run property damage and appealed on the ground that the evidence failed to prove any property was damaged as a result of the accident at issue. Id. at 159-60, 487 S.E.2d at 243.

We observed that, although the two acts were proscribed by the same statute, one was not a lesser included offense of the other because each required proof of an element the other did not. Id. at 164, 487 S.E.2d at 245. We noted further the principle that "'[t]he state may not accuse a person of one crime and convict him by proving another unless the offense is a lesser included one of that charged.'" Id. at 165, 487 S.E.2d at 245 (quoting Harrell v. Commonwealth, 11 Va. App. 1, 6, 396 S.E.2d 680, 682 (1990)). Finally, we averred that "[t]he indictment [in Fontaine] did not charge the defendant *generally* with hit and run in violation of Code § 46.2-894. Instead, it specifically charged hit and run *personal injury*." Id. at 164-65, 487 S.E.2d at 245 (emphases added); cf. Gardner v. Commonwealth, 262 Va. 18, 24, 546 S.E.2d 686, 689-90 (2001) (holding that, although offense charged did not require proof of identity of person from whom money was taken, once indictment was issued charging money was property of particular person, allegation was not surplusage, and variance between indictment and proof was fatal, even absent showing of prejudice).

We noted "the Commonwealth charged the defendant with one offense and found him guilty of another," and we concluded "[t]he trial court lacked authority to convict the defendant for an offense not charged, absent an amendment to the indictment or acquiescence by the defendant." Fontaine, 25 Va. App. at 164-65, 487 S.E.2d at 245; see Edwards, 41 Va. App. at 764, 589 S.E.2d at 449 (agreeing with Fontaine's statement that a "trial court 'lacks authority' to convict a person of an offense which is not a lesser-included offense"). Because the defendant in Fontaine objected in the trial court to his conviction on the ground that the evidence was insufficient to prove property damage, we reversed his conviction and dismissed the indictment

without addressing "whether the evidence was sufficient to prove the uncharged offense." Fontaine, 25 Va. App. at 160, 165, 487 S.E.2d at 243, 245.

Similarly, here, the Commonwealth did not charge appellant generally with statutory burglary. Rather, it charged him with statutory burglary "entering in the nighttime" and apparently convicted him for statutory burglary "breaking and entering anytime," which is not lesser included in the offense charged. The latter requires proof of a breaking whereas the former does not. In addition, the former requires proof that the entry occurred at nighttime, whereas the latter does not. Because each offense requires proof of an element the other does not, neither is lesser included in the other. See id. at 164, 487 S.E.2d at 245.

Thus, here, as in Fontaine, "the Commonwealth charged [appellant] with one offense," and the court "found him guilty of another," which it "lacked authority [to do], absent an amendment to the indictment or acquiescence by [appellant]." Id. at 164-65, 487 S.E.2d at 245. Compare King v. Commonwealth, 40 Va. App. 193, 578 S.E.2d 803 (2003) (in case involving statute defining crime that could be proved in either of two ways, where appellant was indicted for violating second clause and claimed his behavior violated only first clause, affirming conviction on ground that act alleged and proved violated *both* clauses). Because the indictment was not amended and appellant made a timely objection to the lack of evidence to prove the offense occurred in the nighttime, we reverse his conviction. Because appellant was "convicted of charges not included in the indictment, . . . per se reversible error [has occurred]," Fletcher, 74 F.3d at 53, and no finding of actual prejudice is necessary. We need not consider whether the evidence would have been sufficient to prove statutory burglary "breaking and entering anytime" because that offense was not charged.

### III.

For these reasons, we reverse appellant's conviction for statutory burglary and dismiss the indictment.

<u>Reversed and dismissed.</u>