# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Robert Henry McKinney

December 23, 2015

Case No. (Criminal) CR13-397

BY JUDGE DAVID W. LANNETTI

Today the Court rules on the motion filed by Defendant Robert McKinney to set aside the verdict returned by a jury and entered by the Court on April 2, 2015, convicting him of using a firearm in the commission of murder, and to dismiss the related indictment. The issues before the Court are: (1) whether McKinney was convicted of a crime different from the one charged in his indictment; (2) whether the verdict form allowing the jury to find McKinney guilty of "Use of a Firearm in the Commission of a Felony as charged in the indictment" is inconsistent with the related jury instruction; and (3) whether McKinney's conviction of using a firearm in the commission of murder should be set aside and the related indictment dismissed, because the offense of which he was convicted is not recognized by the Code of Virginia. The Court finds as follows: (1) McKinney was convicted of the same crime that was charged in his indictment; (2) the verdict form allowing the jury to find McKinney guilty of "Use of a Firearm in the Commission of a Felony as charged in the indictment" is consistent with the related jury instruction; and (3) McKinney's conviction of using a firearm in the commission of murder should not be set aside and the related indictment should not be dismissed, because the offense of which he was convicted is recognized in § 18.2-53.1 of the Code of Virginia. Because it does not appear that the conviction is plainly wrong or without evidence to support it, the Court denies McKinney's motion to set aside the verdict convicting him of using a firearm in the commission of murder and to dismiss the related indictment.

*Background*

On February 6, 2013, McKinney was charged by indictment with committing second degree murder in violation of § 18.2-32 of the Code of Virginia (the "Second-Degree Murder Indictment") and with "feloniously [using], attempt[ing] to use, or display[ing] in a threatening manner, a firearm, while committing or attempting to commit a felony to wit: Second Degree Murder" in violation of § 18.2-53.1 of the Code of Virginia (the "Initial Firearm Indictment"). (Second-Degree Murder Indictment ¶ 1, Feb. 6, 2013; Initial Firearm Indictment ¶ 1, Feb. 6, 2013.) On February 20, 2013, McKinney was charged by indictment with committing first degree murder in violation of § 18.2-32 of the Code of Virginia (the "First-Degree Murder Indictment"). (First-Degree Murder Indictment ¶ 1, Feb. 20, 2013.)

On March 31, 2015, the Commonwealth moved to *nolle prosequi* the Second-Degree Murder Indictment and amend the Initial Firearm Indictment. (Felony Trial Order 1, Mar. 31, 2015.) The Initial Firearm Indictment was amended to delete the words "Second Degree" so it would read as follows: "feloniously did use, attempt to use, or display in a threatening manner, a firearm, while committing or attempting to commit a felony, to wit: Murder" (the "Firearm Indictment). (*Id.*) Amendment of the indictment was pursuant to § 19.2-231 of the Code of Virginia.

McKinney was tried by a jury on the First-Degree Murder Indictment and the Firearm Indictment on March 31, April 1, and April 2, 2015. (Tr. vol. 1-3, Mar. 31 – Apr. 2, 2015.) On April 2, 2015, the jury was instructed by the Court. (*Id.* vol. 2, at 678-89, Apr. 2, 2015.) On that same day, the jury returned two verdicts on the verdict forms provided by the Court. One verdict form indicated "We the jury find the defendant guilty of voluntary manslaughter a lesser included offense," with the jury foreperson's signature on the line provided below the finding. (Jury Verdict Form 23.) The other verdict form indicated, "We the jury find the defendant guilty of Use of a Firearm in the Commission of a Felony as charged in the indictment," with the jury foreperson's signature on the line provided below the finding (the "Firearm Verdict Form"). (Jury Verdict Form 24.)

After the verdicts were returned, McKinney moved to set aside the verdict returned on the Firearm Verdict Form. (Tr. vol. 3, at 768-70, and vol. 4, at 777-802.) The Court denied the motion and entered both verdicts. (*Id.* at 802.) On August 19, 2015, McKinney filed a Motion To Set Aside the Verdict returned on the Firearm Verdict Form and to dismiss the Firearm Indictment. (Mot. To Set Aside the Verdict 1-4.) A hearing on the motions was held on November 13, 2015 (the "Hearing").

The Court retains jurisdiction, as a sentencing order has not yet been entered. *See Fuller v. Commonwealth,* 189 Va. 327, 333, 53 S.E.2d 26, 28 (1949) (holding that when the court found defendant guilty, but withheld sentencing until receipt of a probation officer report, the guilt adjudication was not a final order because the matter was "still in the breast of the

court"). The August 19, 2015, motions renewed and incorporated the oral motions made in court on April 2, 2015. (Mot. To Set Aside the Verdict 2.)

## Positions of the Parties

### A. Defendant's Motion To Set Aside the Verdict

In his Motion To Set Aside the Verdict, and reiterated during the Hearing, McKinney advances several arguments. He argues that he was found guilty of use of a firearm in the commission of a felony, a crime different from that charged in the Firearm Indictment. (Mot. To Set Aside Verdict 2-3.) McKinney asserts that this is a violation of his due process rights under the United States and Virginia Constitutions. (*Id.*) Specifically, he claims that he was convicted of use of a firearm in the commission of a felony, which was not charged in his indictment. (*Id.* at 3.) As a result, he asserts that he "was not given proper notice of his charges" in violation of his due process rights. (*Id.*)

McKinney also argues that the Firearm Verdict Form, which allowed the jury to find him guilty of "Use of a Firearm in the Commission of a felony as charged in the indictment," is not consistent with the jury instructions. (*See id.*; Firearm Verdict Form.) He claims that Jury Instruction 21, which states that "[t]he Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime: (1) that the defendant used a firearm; and (2) that the use was while committing murder" (the "Firearm Jury Instruction"), conflicts with the Firearm Verdict Form. (*See* Mot. To Set Aside Verdict 3; Jury Verdict Form 24.) McKinney argues that the verdict form does not include the second element of the Firearm Jury Instruction and, therefore, is an improper "instruction." (Mot. To Set Aside Verdict 3.)

Finally, McKinney argues that his conviction should be set aside because he has been convicted of an offense that is not recognized by the Code of Virginia, *i.e.*, a nonexistent offense. (*Id.* at 3-4.) He claims that under § 18.2-53.1 of the Code, as amended in 1976, the offense of using a firearm during the commission of a felony can only involve the attempt or commission of the specific felonies of murder, rape, robbery, burglary, or abduction. (*Id.*) Because the jury convicted him of using a firearm in the commission of a felony other than one of those listed in the Code section, *i.e.*, manslaughter, McKinney asserts that the conviction must be set aside. (*Id.* at 4.)

### B. Commonwealth's Response

As presented at the Hearing, the Commonwealth first argues that the instant case varies factually from *Scott v. Commonwealth*, 49 Va. App. 68, 636 S.E.2d 893 (2006), the case on which McKinney relies. (Tr. 10-11.) The Commonwealth did not file a brief in response to McKinney's Motion To Set Aside the Verdict. The Commonwealth asserts that, unlike the defendant

in *Scott*, who was convicted of a crime with different elements from the one charged in his indictment, McKinney was convicted of the same crime on which he was indicted; the indicted offense and the conviction, therefore, required that the exact same elements be proved by the Commonwealth. (*Id.* at 11-16.)

The Commonwealth also argues that the case McKinney cites for the proposition that a verdict form must be consistent with the jury instructions, *Jimenez v. Commonwealth*, 241 Va. 244, 402 S.E.2d 678 (1991), is readily distinguishable from the case at bar. *Jimenez* involved a jury instruction lacking a necessary element of the crime charged and not an allegation of an alleged defect in the wording of a verdict form. (*Id.* at 16-18.) The Commonwealth points out that, in the current case, McKinney concedes that the Firearm Jury Instruction properly instructed the jury on the elements required to prove the crime charged in the Firearm Indictment. (*Id.* at 17-18.) In short, the Commonwealth asserts that the *Jimenez* case does not support McKinney's argument in any material respect. (*Id.* at 18.)

Finally, the Commonwealth argues that the Firearm Jury Instruction properly includes only the option of convicting McKinney of Use of a Firearm in the Commission of Murder, which is one of the enumerated offenses in § 18.2-53.1 of the Code of Virginia. (*Id.* at 18-19.) The Commonwealth claims that the instant case is easily distinguishable from *Bundy v. Commonwealth*, 220 Va. 485, 259 S.E.2d 826 (1979), on which McKinney relies for the proposition that a criminal conviction is invalid if the related crime is not recognized by the Code of Virginia. (*Id.*) The Commonwealth argues that, in *Bundy*, the jury improperly was given the option of convicting the defendant of using a firearm during the commission of *any felony;* by contrast, it argues that, in this case, the jury was given only the option of convicting McKinney of Use of Firearm in the Commission of Murder. (*Id.*)

*Analysis*

A. *Legal Standard*

"An indictment is a written accusation of a crime and is intended to inform the accused of the nature and cause of the accusation against him." *Scott*, 49 Va. App. at 73, 636 S.E.2d at 895 (quoting *Hairston v. Commonwealth*, 2 Va. App. 211, 213, 343 S.E.2d 355, 2357 (1986)). "An accused has the right to be clearly informed of the charges he faces." *Id.* (quoting *Williams v. Commonwealth*, 8 Va. App. 336, 341, 381 S.E.2d 361, 364 (1989)). "The accused cannot be convicted unless the evidence brings him within the offense charged in his indictment. . . . [T]he indictment must charge *the very offense* for which a conviction is asked." *Id.* (quoting *Mitchell v. Commonwealth*, 141 Va. 541, 553, 127 S.E. 368, 372 (1925)). " 'When a defendant is convicted of charges not included in the indictment,

[either expressly or as a lesser included offense,] . . . *per se* reversible error [has occurred],' and no showing of actual prejudice is required." *Id.* (quoting *United States v. Fletcher,* 74 F.3d 49, 53 (4th Cir. 1996)).

"[W]hen a principle of law is vital to a defendant in a criminal case, a trial court has an affirmative duty properly to instruct a jury about the matter." *Jimenez,* 241 Va. at 250, 402 S.E.2d at 681. The omission in the jury instructions of a necessary element of the offense charged constitutes reversible error. *Id.* at 252, 402 S.E.2d at 681.

"[A]s a result of the 1976 amendment to [§] 18.2-53.1 [of the Code of Virginia], the use of a firearm 'while committing a felony' no longer is sufficient to constitute a violation of the statute. Now, a violation occurs only when a firearm is used with respect to the specified felonies of murder, rape, robbery, burglary, and abduction." *Bundy,* 220 Va. at 488, 259 S.E.2d at 828.

If the jury returns a verdict of guilty, the court may, on motion of the accused made not later than twenty-one days after entry of a final order, set aside the verdict for error committed during the trial or if the evidence is insufficient as a matter of law to sustain a conviction. Va. Sup. Ct. R. 3A:15.

The proper standard for deciding a motion to set aside the verdict is found in § 8.01-680 of the Code of Virginia. *Wagoner v. Commonwealth,* 289 Va. 476, 770 S.E.2d 479, 484 (2015). The Statute states as follows:

> When a case, civil or criminal, is tried by a jury and a party objects to the judgment or action of the court in granting or refusing to grant a new trial on a motion to set aside the verdict of a jury on the ground that it is contrary to the evidence . . . the judgment of the trial court shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it.

Va. Code Ann. § 8.01-680 (Repl. Vol. 2015). As a result, in deciding a motion to set aside the verdict, the court looks only at whether the jury's verdict is "plainly wrong or without evidence to support it." *Wagoner,* 770 S.E.2d at 484.

B. *Discussion*

The Court has considered the defendant's Motion To Set Aside the Verdict, oral argument at the Hearing, and applicable authorities. The Court now rules on the three issues before it.

1. *McKinney Was Not Found Guilty of a Crime Different from That Charged in His Indictment*

McKinney argues that he was found guilty of a crime that differed from the one charged in his indictment. He claims that he was found guilty of

"Use of a Firearm in the Commission of a Felony," which he asserts was not the crime charged in his indictment. (Mot. To Set Aside the Verdict 2.) The Court disagrees, finding that McKinney was, in fact, found guilty of the same crime identified in his indictment.

In *Scott v. Commonwealth,* on which McKinney relies, the Court of Appeals held that, if a defendant is convicted of a crime not charged in the indictment, it constitutes reversible error. 49 Va. App. 68 at 74, 636 S.E.2d 893 at 896. The court also opined that errors in the indictment merely of form cannot be the basis for a cognizable variance from the crime for which the defendant was convicted, absent prejudice to the defendant. *Id.* at 73, 636 S.E.2d at 895. A variance between the indictment and the conviction is fatal when the evidence supporting the conviction is both (1) different from and irrelevant to the crime charged in the indictment and (2) insufficient to prove the commission of the crime charged in the indictment. *Id.*

The Court finds that there was no material variance between the Firearm Indictment and the Firearm Verdict Form. The indictment states that the defendant "feloniously did use, attempt to use, or display in a threatening manner, a firearm, while committing or attempting to commit a felony, to wit: Murder." (Firearm Indictment.) The title of the Firearm Indictment is "Use or Display of Firearm in Committing Felony." As the Commonwealth pointed out at the hearing, that is the title of the statute section. (Tr. 13 (referring to Va. Code § 18.2-53.1).) The verdict form, by contrast, states, "Use of a Firearm in the Commission of a Felony *as charged in the indictment.*" (Jury Verdict Form 24 (emphasis added).) The Firearm Verdict Form essentially incorporates the language of the Firearm Indictment, and the two, therefore, are aligned. Because the verdict form states "Felony as charged in the indictment" and the indictment more specifically identifies "Murder," there is no variance. Further, "Felony as charged in the indictment" cannot somehow be interpreted as equivalent to "any felony," as McKinney appears to claim. (*See* Jury Verdict Form 24.) Simply stated, this is not a case where "the Commonwealth charged the defendant with one offense and found him guilty of another" or where the court "convict[ed] the defendant for an offense not charged." *Fontaine v. Commonwealth,* 25 Va. App. 156, 164-65, 487 S.E.2d 241 (1997) (*en banc*), *overruled on other grounds by Edwards v. Commonwealth,* 41 Va. App. 752, 765, 589 S.E.2d 444, 450 (2003) (*en banc*).

Even if the Firearm Indictment were erroneous, *arguendo,* the error was not fatal. The evidence required to prove "Use of a Firearm in the Commission of a Felony as charged in the indictment" and "Use of Firearm in the Commission of Murder" is the same. Unlike the defendant in *Scott,* who was found guilty of a crime whose elements differed from the crime with which he was indicted, McKinney was charged in the Firearm Indictment with a crime that required two elements: (1) that the defendant used a firearm; and (2) that the use was while committing murder. (Jury

Verdict Form 24.) These were the same elements on which the jury was instructed prior to finding McKinney guilty. (*See* Jury Instruction 21); *cf. Scott,* 49 Va. App. at 74, 636 S.E.2d at 896 (holding that convicting a defendant of a crime not charged in the indictment constitutes reversible error).

The alleged variance in the instant case, therefore, is easily distinguishable from the disparity in *Scott.* The indictment here is not erroneous, and McKinney was not found guilty of a crime different than the one charged in his indictment. McKinney was charged with using a firearm in the commission of murder, and he was found guilty of that crime by the jury. He, therefore, was provided proper notice of his charges, which was consistent with his due process rights.

### 2. *The Firearm Verdict Form Is Consistent with the Jury Instructions*

McKinney argues that the Firearm Verdict Form, which allowed the jury to find him guilty of "Use of a Firearm in the Commission of a Felony as charged in the indictment," is inconsistent with the jury instructions because the verdict form fails to state the second element of the crime charged in the indictment, *i.e.,* "while committing murder." (Mot. To Set Aside the Verdict 3.) He further argues that, because the verdict form itself acts as an instruction, this inconsistency constitutes grounds for setting aside the verdict indicated in the Firearm Verdict Form. (*Id.*) The Court disagrees. The Court instead finds that the Firearm Verdict Form properly aligns with the related jury instructions and that a verdict form, in any case, does not act as an independent jury instruction.

In *Jimenez v. Commonwealth,* on which McKinney relies, the Supreme Court of Virginia held that "when a principle of law is vital to a defendant in a criminal case, a trial court has an affirmative duty to properly instruct a jury about the matter." 241 Va. at 250, 402 S.E.2d at 681. Jimenez's charging indictment stated that he " 'did obtain from [others] . . . advances of money, with fraudulent intent, upon a promise to perform construction of a building, and did fail or refuse to perform such a promise, and to substantially make good such . . . advances,' in violation of Code § 18.2-200.1." *Id.* at 246-47, 402 S.E.2d at 678-79 (quoting the indictment). The Court held that, because the jury instruction did not inform the jury that it was required to find proof, beyond a reasonable doubt, of a written request for return of the advances and Jimenez's subsequent failure to comply within fifteen days, a required element of the offense charged, reversible error was committed. *Id.* at 251, 402 S.E.2d at 681.

The case at bar is distinguishable from *Jimenez.* In *Jimenez,* the Court was concerned with an incomplete jury instruction, not a verdict form that allegedly was inconsistent with its related jury instructions. *Id.* Here, McKinney concedes that the Firearm Jury Instruction "correctly states the two elements of the crime for which the defendant was indicted." (Mot.

To Set Aside the Verdict 3.) Because the jury instruction is complete and correct, there is no violation of the rule as established in *Jiménez,* which only dealt with the issue of an incomplete jury instruction. As pointed out in the previous section, the Court finds that the Firearm Jury Instruction is consistent with the Firearm Verdict Form.

Contrary to McKinney's claim, *Jimenez* does not support his assertion that a verdict form acts as an independent jury instruction. According to McKinney, "[t]he verdict form acts as an instruction which 'omit[s] some essential elements of the offense'." (Mot. To Set Aside the Verdict 3.) The *Jimenez* court clearly was referring to a jury instruction and not a verdict form, and the Supreme Court of Virginia has recognized that the two are not the same. *See, e.g., Burns v. Gagnon,* 283 Va. 657, 667, 727 S.E.2d 634, 640 (2012) (referring to "jury instructions and verdict forms"); *see also Mawyer v. Commonwealth,* 140 Va. 566, 570, 125 S.E. 317, 319 (1924) (opining that "strict technical form is not required in a verdict"). The Supreme Court has also opined that "the verdict form should not be looked at in isolation but rather as part of the overall instructions given to the jury." *Morrisette v. Warden of the Sussex I State Prison,* 270 Va. 188, 205, 613 S.E.2d 551, 564 (2005) (citing *Boyde v. California,* 494 U.S. 370, 378 (1990)). Regardless, as discussed *supra,* the Court finds that the Firearm Jury Instruction and the Firearm Verdict Form are consistent.

The case before the Court, therefore, is distinguishable from *Jimenez,* and McKinney's assertions that the Firearm Verdict Form is inconsistent with the Firearm Jury Instruction and that a verdict form acts as an independent jury instruction are misplaced.

### 3. McKinney Was Convicted of an Offense Recognized by the Code of Virginia

McKinney argues that the verdict returned on the Firearm Verdict Form should be set aside because he was convicted of using a firearm "while committing a felony," which is no longer a crime under the Code of Virginia. (Mot. To Set Aside the Verdict 3-4.) The Court disagrees, finding that McKinney was convicted of using a firearm while committing *murder,* an offense specifically enumerated in § 18.2-53.1 of the Code of Virginia.

The current version of § 18.2-53.1, which existed when McKinney committed the offenses, requires that the offense of using a firearm must be during the commission or attempt of the specific felonies of murder, rape, forcible sodomy, inanimate or animate object sexual penetration, robbery, carjacking, burglary, or malicious wounding. Va. Code Ann. § 18.2-53.1 (Repl. Vol. 2009). In *Bundy v. Commonwealth,* on which McKinney relies, the defendant was indicted for using a firearm "while committing *murder,*" and the verdict returned by the jury found the defendant guilty of using a firearm "in the commission of a *felony.*" 220 Va. at 486, 259 S.E.2d at 827. The Supreme Court of Virginia found that, in the "plain and unambiguous

language" of the applicable jury instruction, the jury was erroneously provided the option of convicting the defendant of either using a firearm in the commission of a felony, an offense no longer recognized by the Code, or using a firearm while committing murder. *Id.* at 487-88, 259 S.E.2d at 827-28. The court found that, in convicting the defendant of using a firearm in the commission of a felony, the jury convicted him of a nonexistent offense, which was reversible error. *Id.*

The jury instruction and verdict form in this matter clearly are distinguishable from the erroneous documents in *Bundy.* Unlike the forms in *Bundy,* which allowed the jury to convict the defendant of using a firearm in the commission of any felony, the Firearm Jury Instruction in the instant case specifically instructs the jury that McKinney is charged with using a firearm while committing murder, and the Firearm Verdict Form states that the defendant is guilty of "Use of a Firearm in the Commission of a Felony *as charged in the indictment." Compare id.* at 486, 259 S.E.2d at 827, *with* Firearm Jury Instruction; Firearm Verdict Form (emphasis added).

As discussed, the offense charged in the Firearm Indictment is that McKinney "feloniously did use, attempt to use, or display in a threatening manner, a firearm, while committing or attempting to commit a felony to wit: Second Degree Murder." (Firearm Indictment.)

McKinney, therefore, was not convicted of using a firearm in the commission of *any* felony, which is not recognized as a crime by the Code of Virginia; rather, he was convicted of using a firearm while committing murder, which is recognized under § 18.2-53.1 of the Code of Virginia.

## Conclusion

It does not appear from the evidence that the verdict returned on the Firearm Verdict Form is plainly wrong or without evidence to support it. The Court, therefore, denies McKinney's Motion To Set Aside the Verdict and the Motion To Dismiss the Indictment of Use of a Firearm in the Commission of Murder.